May Term,
1840.

THE STATE *v.* DILLARD and Others.

THE STATE
v.
DILLARD.

An indictment for a riot stated that the defendants, on, &c., with force and arms, did unlawfully, riotously, &c., assemble and gather themselves together to disturb the peace of the state, and, being so assembled, did then and there make a great noise, disturbance, riot, and tumult, and then and there unlawfully, riotously, &c., remained and continued together making such noise, riot, tumult, and disturbance, for the space, &c., and then and there fought through and with each other, &c. *Held*, that the indictment was sufficient.

ERROR to the *Franklin* Circuit Court.

*Tuesday,
July* 28.

SULLIVAN, J.—The defendants were indicted for a riot. The indictment charges that the defendants, on, &c., with force and arms, did unlawfully, riotously, &c., assemble and gather themselves together to disturb the peace of the state, and, being so assembled, did then and there make a great noise, disturbance, riot, and tumult, and then and there unlawfully, riotously, &c., remained and continued together making such noise, riot, tumult, and disturbance, for the space, &c., and then and there fought through and with each other, &c. Plea, not guilty, and verdict against the defendants. Motion in arrest of judgment, on the ground that it is not alleged in the indictment that the defendants *riotously* fought through and with each other, &c. The Court arrested the judgment and discharged the defendants.

If the allegation in ·the indictment, that the defendants *fought through and with each other,* were necessary to complete the offence for which the defendants were indicted, it would have been necessary to aver that it was done *riotously.* But the indictment would have been good, had that clause been omitted altogether. The common law and statutory definitions of a riot are substantially the same, and at common law, an indictment without the clause referred to would be good. 2 Ch. Cr. Law, 488.—Arch. Cr. Pr. 382.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, with instructions to the Circuit Court to render judgment on the verdict.

*W. J. Peaslee,* for the state.

*J. M. Johnston,* for the defendants.