The margin note reads:

Nov. Term,
1853.

THE STATE
*v.*
VOSHALL.

---

THE STATE *v.* VOSHALL and Others.

An indictment for a riot, after describing the time and place of the com-
mission of the offence presented, charged that *A. B., C. D.*, and *E. F.*
riotously, routously and unlawfully gathered and assembled together,
and then and there did riotously, &c., make a great noise, tumult and

disturbance, to the terror of the citizens, &c., contrary, &c. *Held*, that the words were sufficiently descriptive of a riot.

The day and year when an offence is charged in an indictment to have been committed, should be expressed in the indictment at full length, and not in figures.

ERROR to the *Ripley* Circuit Court.

DAVISON, J.—Indictment for a riot. The indictment charges that the grand jurors empannelled and sworn in the *Ripley* Circuit Court to inquire in and for the body of the county of *Ripley,* upon their oath present that on the 29th day of *August,* in the year 1850, at the county aforesaid, *Frank Jobe, John Murphy* and *James P. Voshall* riotously, routously and unlawfully gathered and assembled together, and then and there did riotously, &c., make a great noise, tumult and disturbance, to the terror of the citizens, &c., contrary, &c.

Upon the defendants' motion, the indictment was quashed. It is contended that no offence against the statute is charged in the indictment. We are not of that opinion. The charge is, that "the defendants assembled," &c., "and then and there made a great noise, tumult and disorder, to the terror of the citizens," &c. This sufficiently describes an unlawful act of violence done to the terror of the citizens, which is obviously a riot. *Bankus* v. *The State, ante,* p. 114.

But there is one objection to the indictment which must prevail. The date of the commission of the offence is set out in figures. "The day and year when an offence is charged in an indictment to have been committed, should be expressed in the indictment in full length, and not in figures." *Finch* v. *The State,* 6 Blackf. 533.

*Per Curiam.*—The judgment is affirmed.

*R. A. Riley, N. B. Taylor* and *J. Coburn,* for the state.
*J. W. Gordon,* for the defendants.