THE STATE *v.* WEEKLY and Another.

AFFRAY.—HIGHWAY.—A highway is not necessarily "a public place," within the meaning of the statute defining an affray.

APPEAL from the *Hendricks* Circuit Court.

GREGORY, J.—The appellees were indicted in the court below for an affray. 2 G. & H., § 6, p. 459. The indictment charges "that *Edward Weekly* and *Campbell Lewis*, on the 26th day of *August*, 1867, at said county, in a certain highway there situate, unlawfully, by agreement, fought each other, and then and there and thereby made an affray."

The State *v.* Weekly and Another.

Is a highway necessarily a "public place," within the meaning of the statute defining the offense? KENT, in his Commentaries, says that "every thoroughfare which is used by the public, and is, in the language of the English books, 'common to all the king's subjects,' is a highway, whether it be a carriage-way, a horse-way, a foot-way, or a navigable river." 3 Kent 432.

The act concerning highways provides that "every public highway already laid out, or which may hereafter be laid out, and which shall not be opened and used within six years from the time of its being so laid out, shall cease to be a highway for any purpose whatever." 1 G. & H., § 43, p. 365. When a highway is laid out and declared a public highway by competent authority, it becomes "common to all," within the common law definition of a highway, and can be used by the public to a limited extent before it is opened.

An affray, like public indecency, is an offense exclusively against the public. The parties cannot complain because they have brought the evil upon themselves. The public is injured by the terror produced, and the evil example. The offense consists not in fighting by agreement, but in fighting by agreement in a "public place." There may be a legal highway not a public place within the meaning of the statute. There may be, by the growth of timber or under-brush, a part of a highway perfectly concealed from public view, and as private as any place in the commonwealth.

In the opinion of a majority of the judges of this court, the court below committed no error in quashing the indictment.

The judgment is affirmed.

ELLIOTT, J., dissents.

*D. E. Williamson,* Attorney General, for the State.

*C. Foley,* for appellees.