Kiphart *et al. v.* The State.

---

## KIPHART ET AL. *v.* THE STATE.

CRIMINAL LAW.—*Riot.*—*Unlawful Act.*—Where an offence consists in three or more persons doing an act in a violent and tumultuous manner, it is not necessary, in order to sustain a prosecution for such an offence, that the act done should be unlawful. Although the word violent be not used in the

affidavit or information, in describing the offence, if the allegations show that the act was done violently, it will be sufficient.

SAME.—*Practice.*—*Bill of Exceptions.*—Bills of exceptions in a criminal action must be filed within the term, and the record must show the fact of the filing and the time thereof.

APPEAL from the Morgan Common Pleas.

OSBORN, C. J.—The appellants were prosecuted, tried by a jury, and convicted of a riot, in the Morgan Common Pleas.

The defendants moved the court to quash the information, which was overruled, and they excepted. A motion for a a new trial was made and overruled, to which the defendants excepted, and judgment was rendered on the verdict.

The errors assigned are, 1st. In overruling the motion to quash the information. 2d. In overruling the motion for a new trial.

The affidavit and information both state that the defendants on the 6th day of July, 1872, in Morgan county, and State of Indiana, did do an unlawful act, by then and there in a riotous and tumultuous manner, with stones and brickbats, in a rude, insolent, and angry manner touching, striking, and beating Frederick Gerholt, and by then and there, in a riotous and tumultuous manner, threatening to use violence on the person of Peter Long and Frederick Gerholt, then and there being.

The objections urged against the affidavit and information are, "that they contain no proper charge of an assault and battery, which constitute the gravamen of the offence charged, in this, that they do not in statutory words or those equivalent thereto, nor at all, charge the striking and beating to have been done unlawfully;" and "when a particular offence is charged, which contains and embodies within it a minor offence which is necessary to it, and upon which it depends, that minor offence must be charged according to its statutory definition, or the indictment or information must fall;" and we are referred to *Adell* v. *The State*, 34 Ind. 543.

Kiphart *et al. v.* The State.

We do not think the case cited applicable to this. That was an indictment for an assault and battery with intent to commit a felony. The essence of the offence was the assault and battery, and the felonious intent only aggravated and converted it into a felony. In the case at bar, the offence consists in three or more persons doing "an act in a violent and tumultuous manner." The statute does not require that the act done shall be an unlawful one. Where three or more persons do any act in a violent and tumultuous manner, it is a riot. 2 G. & H. 458, sec. 4; *The State* v. *Dillard*, 5 Blackf. 365 ; *The State* v. *Voshall*, 4 Ind. 589. The allegations show that the acts were done violently, although the word violent is not used. The allegation, that the act done was an unlawful one, will not vitiate the affidavit or information. It was not descriptive of the offence.

The record shows that the motion for a new trial was overruled and the judgment rendered on the last day of the term, and that sixty days were given within which to file a bill of exceptions. Bills of exceptions in criminal prosecutions must be filed during the term. 2 G. & H. 420, sec. 120. The record in this case fails to show that it has been filed at all. It should show affirmatively that it was filed, and when. *Peck* v. *Vankirk*, 15 Ind. 159. The clerk has copied what purports to be a bill of exceptions; but as it is not properly in the record, we cannot consider it. Hence, no question arises on the motion for a new trial, and the judgment is affirmed.

The judgment is affirmed, with costs.

*C. F. McNutt* and *G. W. Grubbs*, for appellants.

*J. C. Denny*, Attorney General, for the State.