SANDERS *et al. vs.* THE STATE OF GEORGIA.

1. Where a plea in abatement, that a grand juror to the bill of indictment was not on the regular list of grand jurors of the county, was considered as a sort of oral demurrer, and the facts in the record make a confused case of two men called Cas. Brannan, living in the county, one on the list and the other not, and the one said to be the man not on the list was on the jury, and the court overruled the plea, upon what ground is not disclosed in the record, this court will not interfere to grant a new trial. Such proceeding should be in writing and regular, or, at all events, when brought here for review, the error should be made plainly to appear.

2. When armed men, without any authority of law, invade the premises of a citizen in a violent and tumultuous manner, in order to search the premises, they may be guilty of riot, though the citizen, from policy, invite them into his house to breakfast and otherwise treat them hospitably, in order to get them off as speedily and as easily as possible.

Jurors. Practice in the Superior Court. Criminal law. Before Judge BARTLETT. Wilkinson Superior Court. October Term, 1877.

Reported in the decision.

J. W. LINDSEY, by brief, for plaintiffs in error.

J. W. PRESTON, solicitor general; JACKSON & LUMPKIN, for the state.

JACKSON, Judge.

The plaintiffs in error were indicted for riot and found guilty; they moved for a new trail; their motion was over-ruled, and they excepted.

The new trial was demanded on two grounds: First, that a certain plea or demurrer in abatement was not allowed; and, secondly, because the verdict was against the decided weight of the evidence, and against the law.

1. In respect to the first ground, it must be observed that the plea never was filed, never was in writing, and is not yet reduced to writing. It was agreed to be heard and passed upon by the court as a demurrer, according to the statement in the bill of exceptions; but the court did not, it appears, waive that it should be reduced to writing, and, for aught that appears in the record, it may have been overruled because it was not reduced, whether regarded as a plea or special demurrer, to writing. It was to the effect that there were two men, known as Cas. Brannan, in the county, one of whom was on the grand jury list, and the other not; and that the wrong man got on the jury. One was Wilson C. Brannan and the other Caswell H. Brannan—one commonly called little Cas. Brannan, and the other young Cas. Brannan. Twenty-three names appear on the indictment; so that it is improbable that the defendants were hurt, even if young Cas. was on instead of little Cas.; but where the plea was not in writing, nor the demurrer, if

demurrer was allowed, (though we do not exactly understand how,) we cannot say that the court erred in overruling the plea, or demurrer, whichever it was. A party complaining to this court, especially on a matter purely technical, must make it plainly appear that error was committed by the presiding judge in the court below.

2. The facts make a weak case of riot. It seems that the defendants convicted, with others not convicted, assembled at a house in the county of Wilkinson. All were armed. The owner of the house saw they were bound to go in, and invited them in. They were in search of somebody they thought there, but had no warrant. It was quite early and the family were just getting up; were invited to eat breakfast there, and behaved rudely at the table. The man of the house was frightened, and tried to pacify them, and hence invited them in and gave them breakfast. Made a fire first for them in the yard, and then, on account of their boisterous manner in the lane farther off, he offered afterwards to assist in search of the man they were hunting, when it turned out that they suspected him of harboring him, and for that reason came to his house without warrant, and acted thus rudely and boisterously. This is the sum of the evidence. It makes rather a weak case of riot; but, perhaps, serious consequences were prevented by the prudence of the man whose premises were thus rudely invaded by a crowd of armed and boisterous men, without authority of law, in search of somebody against whom they had some cause of quarrel.

The jury of the vicinage passed upon the case; the presiding judge has approved the verdict; there is enough in it to make riot under our Code; the verdict is supported by sufficient evidence, and not against law; and the judgment is affirmed.