## WILLIAMS v. THE STATE.

64  553
126  403
64  553
135  530
64  553
147  497

CRIMINAL LAW.— *Words and Phrases.*—*Public Place.*—The words "on a public highway" are not equivalent to the words "in any public place," used in section 22, 2 R. S. 1876, p. 466, of the act defining misdemeanors.

SAME.—*Notorious Lewdness.*—*Indictment.*—An indictment charging acts constituting "notorious lewdness," as committed "on a public highway," and in the presence of divers persons named, is insufficient.

SAME.—*Judicial Notice.*—*Construction of Statute.*—The history of this State, its topography and condition, enter into the construction of its statutes, and are judicially noticed by its courts.

From the Gibson Circuit Court.

*H. A. Yeager*, for appellant.

*T. W. Woollen*, Attorney General, and *W. H. Trippet*, Prosecuting Attorney, for the State.

BIDDLE, J.—The appellant was indicted for notorious lewdness, in the following words :

" The grand jurors of Gibson county, in the State of Indiana, good and lawful men, duly and legally empanelled, sworn and charged, in the Gibson Circuit Court of said State, at the August term for the year 1878, to inquire into felonies and certain misdemeanors in and for the body of said county, in the name and by the authority of the State of Indiana, on their oaths do present, that Joseph L. Williams, late of said county, on the 15th day of June, A. D. 1878, at said county and State, was then and there unlawfully guilty of notorious lewdness, by then and there unlawfully, on a public highway, in said county, openly, grossly and notoriously having sexual intercourse with one Cordelia Mistle, a woman. That the said Joseph L. Williams, at the time and place aforesaid, had the sexual intercourse aforesaid, with the said Cordelia Mistle, in the presence of Scott Harvey and William Lindsey, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Indiana."

The appellant moved to quash the indictment; his motion was overruled, and he excepted. Plea, not guilty; trial and conviction; punishment, fine $65, and imprisonment three months. By a motion for a new trial, the appellant also questions the sufficiency of the evidence to sustain the verdict.

The section of the statute upon which the indictment is based reads as follows, and is found in 2 R. S. 1876, p. 466 :

"Sec. 22.   Every person who shall be guilty of notorious lewdness, or who shall, in any public place, make any uncovered and indecent exposure of his or their person, upon conviction thereof, shall be fined in any sum not less than ten nor more than one hundred dollars, to which may be added imprisonment for any term not exceeding three months."

The principal objection made to the indictment is, that the words " on a public highway," used therein, are not equivalent to the words " in any public place," as used in the statute.

Long experience has settled the best words to be used in a statute in defining a criminal offence, and it is seldom safe to depart from them in charging an offence in an indictment; yet it is settled law, that, when other words are used which are clearly equivalent, the indictment will not be insufficient for that reason.   The question we are considering, therefore, is, are the words used in the indictment, in defining the offence, clearly the equivalent of those used in the statute ?

The history of a country, its topography and condition, enter into the construction of the laws which are made to govern it, and we must notice these facts judicially.   We must know the fact, that, in the State of Indiana, a public highway some times ceases to be travelled, and is abandoned, long before it ceases to be legally a public highway, and that often portions of a highway are not used as such for so long a time that they cease to be public places; and, indeed, there are occasionally places, owing to their peculiar topography, on public highways constantly used, which become private, and afford even secret places, where the act charged upon the appellant might have been committed wholly away from public gaze or annoyance.   Besides, sometimes public highways are laid out and estab-

lished legally, through portions of primeval forest, and thick underbrush, affording many secret places for "nesthiding," which remain secure and unbroken, and impenetrable to the public eye, for a long time before such highways are opened practically, and become public places.

The act, to make it criminal, whatever may be its morality, must have been committed in some "public place;" and, unless we can hold, as a safe rule of law to govern all cases, that the words "on a public highway" are generally the equivalent of the words in a "public place," the indictment must be held insufficient.

The section defining an affray, in the same act, 2 R. S. 1876, p. 459, is as follows:

"Sec. 6. If two or more persons by agreement, fight in any public place, the persons so offending, shall be deemed guilty of an affray; be fined not exceeding twenty dollars, or imprisoned not exceeding five days each."

It will be observed that, as to the place in which the act must be committed to make it criminal, the same words are used in defining an affray as those used in defining notorious lewdness. The same construction, then, should be given to the words in both cases.

In the case of *The State* v. *Weekly*, 29 Ind. 206, which was a prosecution for an affray, it was held that the words "in a certain highway there situate," used in the indictment, were not equivalent to the words in a "public place," used in the statute; and the court, speaking through GREGORY, J., gives some excellent reasons for their opinion, as follows:

"An affray, like public indecency, is an offence exclusively against the public. The parties can not complain because they have brought the evil upon themselves. The public is injured by the terror produced, and the evil example. The offence consists not in fighting by agreement, but in fighting by agreement in a 'public place.' There may be a legal highway not a public place within the meaning of the

statute.   There may be, by the growth of timber or under-brush, a part of a highway perfectly concealed from public view, and as private as any place in the commonwealth." See *Jennings* v. *The State*, 16 Ind. 335 ; 4 Bl. Com. 65.

It is suggested that there is a difference between the words " in a certain highway," which were considered in the case cited, and the words " on a public highway," which we are now considering.   We perceive no legal difference. Every highway is a public highway.   In our statute the words are used as convertible terms. 2 R. S. 1876, p. 316. And there is no practical difference in the meaning of the prepositions *in* a highway and *on* a highway, and, as they are used in the context in the two cases, they mean the same thing.   Nor will the averment that the act was committed in the presence of Scott Harvey and William Lindsey aid the indictment.   It might have been done in a very secret place, and yet be in the presence of two persons.   We must hold the indictment insufficient.

The judgment is reversed, the cause remanded, with instructions to sustain the motion to quash the indictment, and release the appellant from imprisonment.

Petition for a rehearing overruled.