## THE STATE v. BROWN ET AL.

CRIMINAL LAW.—*Riot.—Indictment.*—An indictment for a riot, after describing the time and place of the offence, charged that B., L. and S. and four other named defendants, "together with other persons whose names are to the grand jurors unknown, did then and there unlawfully, riotously and in a violent and tumultuous manner, assemble and gather themselves together, with force and arms, to wit. clubs, bells, trumpets, tin pans and cannon, and other weapons, and then and there unlawfully and riotously, and in a violent and tumultuous manner, made a great noise, tumult and disturbance, and then and there continued the same for half an hour or more."

*Held.* that, under section 4 of the misdemeanor act, 2 R. S. 1876, p 458, the indictment was sufficient.

From the Grant Circuit Court.

*T. W. Woollen*, Attorney General, and *C. W. Watkins*, Prosecuting Attorney, for the State.

*A. Steele*, *R. T. St. John*, *I. VanDevanter* and *J. W. Lacey*, for appellees.

Howk, C. J.—In this case the indictment charged that, on the 30th day of October, 1879, in Grant county, Indiana, the appellees, John H. Brown, David Line and James Snyder, and four other named defendants, "together with other persons whose names are to the grand jurors unknown, did then and there unlawfully, riotously and in a violent and tumultuous manner, assemble and gather themselves together, with force and arms, to wit, clubs, bells, trumpets, tin pans and cannon, and other weapons, and then and there unlawfully and riotously, and in a violent and tumultuous manner, made a great noise, tumult and disturbance, and then and there continued the same for half an hour or more."

The three appellees above named, Brown, Line and Snyder, moved the court to quash the indictment, which motion was sustained, and to this decision the State, by its attorney, excepted. The court rendered judgment discharging the appellees, and from this judgment the State, by its attorney, prosecutes this appeal.

The decision of the court in sustaining the appellees' motion to quash the indictment is assigned as error by the State, and this error presents for the decision of this court the single question : Do the facts stated in the indictment in this case constitute a public offence ? If they do, the court erred in sustaining the motion to quash the indictment ; and, if they do not constitute a public offence, then it is clear that the indictment was correctly quashed. It is manifest, from the language used in the indictment, the substance of which we have given, that it was intended to charge the appellees and the other named defendants, therein and thereby, with the commission of the misde-

meanor which is defined, and its punishment prescribed, in section 4 of the misdemeanor act of June 14th, 1852. That section provides that, "If three or more persons shall do an act in a violent and tumultuous manner, they shall be deemed guilty of a riot, and, upon conviction thereof, shall be fined not exceeding five hundred dollars each, to which may be added imprisonment in the county jail for any time not exceeding three months." 2 R. S. 1876, p. 458.

The appellees have not seen proper to furnish this court with any brief or argument in support of the decision of the circuit court, and we confess that we are unable to discern upon what grounds the court held that the indictment was insufficient and must be quashed. From the character of the instruments, musical and otherwise, mentioned in the indictment, we may reasonably conclude, we think, without injustice to the appellees and their codefendants, that, at the time and place named, they were probably engaged in giving a "newly-wedded pair" that kind of a concert or serenade which is usually called a *charivari*. Such a concert is usually much more entertaining to the performers than it is to the audience, and when it is engaged in by three or more performers, with zeal and earnestness, it may often be denominated as a riot, and the performers therein may be subjected to the punishment prescribed for such offence. *Bankus* v. *The State*, 4 Ind. 114; *The State* v. *Voshall*, 4 Ind. 589; *Thayer* v. *The State*, 11 Ind. 287; *Kiphart* v. *The State*, 42 Ind. 273.

In our opinion, the indictment in the case at bar did state facts sufficient to constitute a public offence, and, therefore, we think that the appellees' motion to quash it ought not to have been sustained.

The judgment is reversed, at the appellees' costs, and the cause is remanded with instructions to overrule their motion to quash the indictment, and for further proceedings.