Filed Sept. 29, 1891.

---

No. 318.

THE STATE *v.* ACRA ET AL.

CRIMINAL LAW.—*Riot.—Affidavit and Information.—Sufficiency of.*—An affidavit and information charging that "on," etc.,"in" etc., A.,B. and C. "did then and there, in a riotous, tumultuous, and violent manner, assemble themselves together, and then and there, in a riotous, tumultuous, and violent manner, having then and there the present ability so to do, unlawfully attempt to commit a violent injury on the person of said affiant by then and there violently and unlawfully threatening to beat, cut and shoot said affiant, contrary to the form of the statute," etc., state

facts sufficient to constitute a charge of riot. The affidavit and information were sufficient without the allegation "having then and there the present ability so to do."

From the Dearborn Circuit Court.

*R. L. Davis*, Prosecuting Attorney, and *M. J. Givan*, for the State.

ROBINSON, J.—In this case the affidavit was made by James Hess. The affidavit and information charged that on the 22d day of December, 1889, in Dearborn county, Indiana, the appellees, Thomas Acra, Robert Acra, Benjamin Canady, Peter Fleek and William Ackerman, late of said county, did then and there, in a riotous, tumultous and violent manner, assemble themselves together, and then and there, in a riotous, tumultous and violent manner, having then and there the present ability so to do, unlawfully attempt to commit a violent injury on the person of said affiant by then and there, violently and unlawfully, threatening to beat, cut and shoot said affiant, contrary to the form of the statute, etc.

The appellees moved the court to quash the affidavit and information, which motion was sustained, and to this decision the State, by its attorney, excepted.

The court rendered judgment discharging the appellees, and from this judgment the State, by its attorney, prosecutes this appeal.

The decision of the court in sustaining the appellees' motion to quash the affidavit and information is assigned as error by the State, and this error presents for the decision of this court the single question.

It is manifest from the language used in the affidavit and information that it was intended to charge the appellees with the commission of a riot, which is defined by section 1981, R. S. 1881, as follows: "If three or more persons shall do an act in a violent and tumultuous manner, they shall be

deemed guilty of a riot, and, upon conviction thereof, shall be fined not exceeding five hundred dollars each, to which may be added imprisonment in the county jail for any time not exceeding three months."

The appellees have not furnished this court with any brief or argument in support of the decision of the circuit court, and we confess that we are unable to form any conclusion upon what grounds the court held the affidavit and information insufficient, and sustained the motion to quash.

It was not necessary to make the allegation in the affidavit and information "having then and there the present ability so to do." The affidavit and information were sufficient without this statement.

In our opinion the affidavit and information in the case at bar did state facts sufficient to constitute the charge of riot. *State* v. *Dillard*, 5 Blackf. 365; *State* v. *Voshall*, 4 Ind. 589; *Bankus* v. *State*, 4 Ind. 114; *Kiphart* v. *State*, 42 Ind. 273; *State* v. *Brown*, 69 Ind. 95.

The appellees' motion to quash ought not to have been sustained.

The judgment is reversed, at the appellees' costs, and the cause is remanded with instructions to overrule their motion to quash the affidavit and information, and for further proceedings.

Filed Sept. 30, 1891.