## MACY *v.* WOOD ET AL.

[No. 7,510. Filed February 20, 1912.]

1. QUIETING TITLE.—*Cross-Complaint.—Allegations as to Title.—Sufficiency.—Appeal.—*A cross-complaint to quiet title, alleging that the cross-complainant was the "owner" of the premises described and asking that his title thereto be quieted, is sufficient, especially when questioned for the first time on appeal. p. 473.

2. QUIETING TITLE. — *Cross-Complaint.* — *Description.* — A cross-complaint describing the land in dispute as "beginning at the northwest corner of the east half of the southeast quarter of section one, and running thence east 1,350.1 feet; thence south 821.5 feet; thence west 1,351 feet; thence north 811.2 feet to the place of beginning," sufficiently identifies the land. p. 474.

3. APPEAL.—*Briefs.—Failure to set out Evidence.—New Trial.—*A failure by appellant to set out the evidence, or the substance thereof, in his brief, constitutes a waiver of any error in overruling his motion for a new trial, the sufficiency of the evidence to support the special findings and the decision being the only grounds thereof. p. 474.

4. QUIETING TITLE.—*Nature of Proceedings.—Jury.—*The action to quiet title is statutory (§1116 Burns 1908, §1070 R. S. 1881), and is triable by jury. p. 474.

5. QUIETING TITLE. — *Legal.* — *Equitable.* — *Complaint.* — *Cross-Complaint.—New Trial.—*Where plaintiff's complaint and cross-complaint alleged a legal title to a certain parcel of a certain tract, and defendant's cross-complaint also alleged a legal title to another parcel of such tract, but the decree was based on their

legal rights to such parcels and on their equitable rights to a small residue of such tract, a new trial will be ordered where justice demands. p. 474.

6. ADVERSE POSSESSION.—*Lapse of Time.—Judicial Notice.—Quieting Title.*—Courts take judicial notice that the prescriptive period necessary for the perfection of a title by adverse possession is twenty years. p. 475.

From Randolph Circuit Court; *James T. Merryman,* Special Judge.

Cross-complaint by Rebecca Wood against William W. Macy. From a decree in favor of cross-complainant, cross-defendant appeals. *Reversed.*

*Macy, Nichols & Bales,* for appellant.
*Caldwell & Parry,* for appellees.

ADAMS, J.—This action was originally instituted by Orla A. Macy against appellee Rebecca Wood and her husband, to enjoin a threatened trespass. Upon motion of appellee Rebecca Wood, appellant was made a party defendant, whereupon said appellee filed a cross-complaint against appellant and said Orla A. Macy, alleging that she is the owner in fee simple of the following described lands in Randolph county; Indiana: "Eighteen acres off the south end of forty acres off of the north end of the east half of the southeast quarter of section one, township twenty-one north, range thirteen east," and asking that her title thereto be quieted. This cross-complaint was filed May 8, 1907, and was put at issue by an answer in denial. On June 17, 1907, appellant filed his cross-complaint against said appellee and her husband, alleging that he is the owner of twenty-five and thirty-two hundredths acres of land, described as "beginning at the northwest corner of the east half of the southeast quarter of said section one, and running thence east 1,350.1 feet; thence south 821.5 feet; thence west 1,351 feet; thence north 811.2 feet to the place of beginning," and asking that his title in and to said tract described be quieted as against said appellee and her husband. Appellant also

filed a second paragraph of cross-complaint, which is the same as the first, except that the chain of title is set out in detail. A demurrer to the second paragraph was overruled, and the cross-complaint of appellant was put at issue by a general denial.

Upon request, the court found the following facts: In 1853 William Leach was the owner in fee simple of the east half of the southeast quarter of section one, township twenty-one north, range thirteen east, in Randolph county, Indiana, containing seventy-four and sixty-one hundredth acres, more or less; that by deeds of general warranty Leach conveyed to Joseph Butterworth forty acres, more or less, off the north end of said east half and to George W. Phillips thirty-four and fifty hundredths acres off the south end of said east half; that upon the execution of said deeds Butterworth entered into full possession of the following part of said east half, claiming to own it under and by virtue of said deed: "Commencing at the northwest corner of said east half, and running from thence south along the quarter section line 1,403.1 feet; thence eastwardly to a point on the east line of said section 1,415.5 feet south of the northeast corner of said east half; thence north along said section line to said northeast corner; thence west along the half section line, 1,350.2 feet to the place of beginning, containing forty-three and seventy-one hundredths acres;" that at the same time Phillips entered into full possession of the remaining part of said east half; that in the same year or the following year Butterworth and Phillips jointly constructed a fence on the south line of the land specifically described herein as occupied by Butterworth, believing said line to be the true line separating their respective lands, and that Butterworth and Phillips, and their successors in title for more than twenty years thereafter, acquiesced in said line as the true line, and that the fence still stands as originally located and constructed.

It is also found that in subsequent conveyances said tract

of land was described as "forty acres off of the north end of the east half of the southeast quarter," etc.; that in 1888 the Randolph Circuit Court ordered and confirmed a partition of said real estate among the heirs of Mary Butterworth, who died the owner thereof, wherein there was set off to Charles Butterworth "eighteen acres off of the south end of said forty acres off of the north end of the east half," etc.; that in the spring of 1889, Charles Butterworth, on his own motion, without objection from, in the absence of, and without any agreement with, the adjoining owners, and for the purpose of laying off and locating his said eighteen acres, commencing at the east and west ends of the old Phillips fence, and by means of a pole and tape measured from thence north a distance of thirty-six rods as accurately as he could make such measurements, and that said Butterworth at said time, on his own motion, without any objection from or agreement with the adjoining owners, built a fence on the line so ascertained by him, which in fact included eighteen and thirty-nine hundredths acres of land, leaving twenty-five and thirty-two hundredths acres north of said fence.

It is further found that the land so set off to Charles Butterworth was subsequently conveyed and described as "eighteen acres off of the south end of a forty-acre tract off of the north end of the east half of the southeast quarter, etc., being the same land inherited by said Butterworth from his mother, and set off to him in partition;" that on September 14, 1889, said real estate was conveyed by Charles Butterworth and his wife by warranty deed to appellee Rebecca Wood, and was described as "eighteen acres of land off of the south end of a forty-acre tract of land off of the north end of the east half of the southeast quarter, etc., being the same land set off to said Butterworth in partition;" that at the time of the conveyance, Charles Butterworth informed said appellee that said tract had never been surveyed, and that the north line thereof had never been located by a sur-

vey; that said appellee, upon the execution of said conveyance, entered into possession of the tract bounded on the north by the Butterworth fence, and on the south by the Phillips fence; that in February, 1896, Hannah E. Minton, who was the owner and in possession of the part of land north of the Butterworth fence, conveyed it to appellant by the following description: "Twenty-two acres off of the north end of the northeast quarter of the southeast quarter," and other lands in section one; that appellant thereupon took possession of all that part of said forty-three and seventy-one hundredths acre tract lying north of the fence built by Charles Butterworth.

By the third conclusion of law the court stated that appellee was the owner of nineteen and sixty-seven hundredths acres of land off of the south end of the forty-three and seventy-one hundredths-acre tract of land off of the north end of the east half, etc., and that her title thereto should be quieted and forever set at rest.

By the fourth conclusion the court stated that appellant was the owner of twenty-four and four hundredths acres of land off the north end of said forty-three and seventy-one hundredths-acre tract.

By her first cross-error, appellee Rebecca Wood says that appellant's cross-complaint does not state facts sufficient to constitute a cause of action, in that appellant is described as the "owner" of the land in question, and it is not specifically averred that the title and interest therein claimed by said appellee is adverse to that of appellant. The sufficiency of the cross-complaint being first questioned on appeal, a more liberal rule applies than when tested by demurrer. But, in any event, the cross-complaint states a cause of action. *Seymour Water Co.* v. *City of Seymour* (1904), 163 Ind. 120, and cases cited.

Under the first assignment, the further point is made that the cross-complaint is insufficient for the want of cer-

tainty in description. The complaint in this regard
2. is clearly good under the rule declared in *Reid* v.
*Mitchell* (1884), 95 Ind. 397.

Both appellant and appellee Rebecca Wood assign error
on the overruling of their motions for a new trial. As
neither brief sets out a condensed recital of the
3. evidence in narrative form, as required by the rules
of this court, no question is presented by this assignment.

The real controversy arises on the exceptions of both parties to the third and fourth conclusions of law. By these conclusions, the court found the lands designated as the "forty-acre tract" to contain forty-three and seventy-one hundredths acres, awarding to appellant twenty-four and four hundredths acres, and to appellee Rebecca Wood nineteen and sixty-seven hundredths acres. In other words, the court held that appellant and said appellee owned all that part of the east half of the quarter north of the Phillips fence.

We think the third and fourth conclusions of law do not follow the finding of facts. This was an action under
the statute to quiet title, and while the action is es-
4. sentially of equitable origin, it exists in this State
by virtue of the statute (§1116 Burns 1908, §1070
R. S. 1881), and the issue is triable by jury. *Puterbaugh* v.
*Puterbaugh* (1892), 131 Ind. 288, 294, 15 L. R. A. 341.

Appellee Rebecca Wood is found to have purchased and received a deed for eighteen acres off the south end of forty
acres off the north end of the east half of the quarter
5. section. In her cross-complaint this was all she
claimed, and supported her claim by a good record
title. The cross-complaint of appellant formally stated a cause of action to quiet title to all that part of the forty-acre tract lying north of the Butterworth fence, which he specifically described. But the finding shows that appellant's deed only calls for twenty-two acres off the north end of the

forty-acre tract. No issue was tendered by the cross-complaints on any other theory than that of a legal title. The Butterworth fence was constructed in 1889, and the action in its present form was commenced in 1907, so that neither party can be heard to assert any right by prescription. This leaves three and seventy-one hundredths acres off the south end of the real estate, of which Mary Butterworth died the owner, not involved in this action.

It is manifest that when the Butterworth estate was settled and the land divided, the purpose and intention was to pass title to the entire forty-three and seventy-one hundredths-acre tract, and that the parties to this proceeding purchased the land and went into possession thereof with reference to the Butterworth fence. This court knows that since the commencement of this action the right of the Butterworth heirs to assert title to the three and seventy-one hundredths-acre tract has become barred in favor of appellee Rebecca Wood. This being the case, we believe that the ends of justice would be best served by granting a new trial, with leave to re-form the issues.

The judgment is therefore reversed, with instructions to the trial court to grant a new trial, with leave to both parties to file amended, additional or supplemental paragraphs of cross-complaint, and for further proceedings not inconsistent herewith.