## PRICE ET AL. *v.* SWARTZ.

[No. 7,551.   Filed March 12, 1912.]

1.  APPEAL. — *Briefs.*—*Waiver.*—Alleged errors not determinable from an examination of appellants' brief are waived.   p. 628.
2.  APPEAL.—*Briefs.*—*Omissions.*—Where appellants' brief fails to show how the issues were decided, what the judgment was, or what errors are relied upon, and also fails to set out, in words, or in substance, the evidence, and further fails to set out the questioned motion for a new trial, all questions depending upon such omissions are waived.   p. 628.
3.  APPEAL.—*Rules.*—Rules announced concerning appellate practice have the effect of law; and the parties have the right to insist upon the enforcement thereof.   p. 628.
4.  APPEAL.—*Briefs.*—*Failure to Comply with Rules.*—Where appellants failed to comply with the rules in preparing their brief and no question is presented thereby, the judgment appealed from will be affirmed.   p. 629.

From Lake Circuit Court; *Willis C. McMahan,* Judge.

Action by Milbert F. Price and Louis E. Lyons, partners, doing business under the name of the Puritan Manufacturing Co., against Harry D. Swartz.   From a judgment for defendant, plaintiffs appeal.   *Affirmed.*

*C. W. Morton* and *Milton Remley,* for appellants.
*Herbert S. Barr* and *Harold H. Wheeler,* for appellee.

ADAMS, J.—Rule twenty-two of the Supreme Court and this court provides that "the brief of appellant shall contain a short and clear statement, disclosing:   (1) The nature of the action.   (2) What the issues were.   (3) How the issues were decided, and what the judgment or decree was. (4) The errors relied upon for reversal.   (5) A concise statement of so much of the record as fully presents every error and exception relied on, referring to the pages and lines of the transcript.   If the insufficiency of the evidence to sustain the verdict or finding in fact or law, is assigned, the statement shall contain a condensed recital of the evi-

dence in narrative form so as to present the substance clearly and concisely."

It has often been held that appellant's brief must be so prepared that all questions presented by the assignment of errors can be determined from an examination of the 1. brief, without looking at the record, and to the extent that the rules are complied with, the errors assigned will be determined, and others will be considered waived. *Chicago, etc., R. Co.* v. *Wysor Land Co.* (1904), 163 Ind. 288, and cases cited.

Appellants' brief in this case does not disclose how the issues were decided nor what the judgment was. The errors relied on for reversal are not set out, nor is any refer- 2. ence made in the brief to the assignment of errors.

There is no recital of the evidence in narrative form, but forty pages of appellants' brief are devoted to extracts from the evidence, in the form of questions and answers. At the close of the argument, appellants ask that the judgment be reversed, and a new trial granted on account of the error of the court in overruling their motion for a new trial. Neither the motion for a new trial, nor the substance thereof, is set out in the brief. We have, however, examined the motion, as it appears in the record, and find that the insufficiency of the evidence to sustain the verdict is not assigned as a cause for a new trial.

Appellee having directed our attention to the failure of appellant to comply with the rules, and appellants having failed to ask leave to amend their brief, it is not within our power to ignore, or arbitrarily refuse to consider, the question thus presented. *Albaugh Bros., etc., Co.* v. *Lynas* (1911), 47 Ind. App. 30.

When a rule of court is adopted and published it has the force and effect of law, and is binding on the court as well as on the parties. Such rule is a law of practice, 3. extending to all litigants coming within its purview, and who have a right to assume that it will be uni-

formly enforced in conservation of their rights, as well as in securing the prompt and orderly dispatch of business. *Magnuson* v. *Billings* (1899), 152 Ind. 177, 180.

Appellants having failed to comply with the rules of this court in the preparation of their brief, no question is presented for our consideration. *King* v. *State, ex rel.* (1911), 47 Ind. App. 595.

Judgment affirmed.