## CARMODY ET AL. *v.* STATE OF INDIANA.

[No. 22,139.   Filed June 19, 1912.]

1.   RIOT.—*Affidavit.—Sufficiency.*—An affidavit charging riot, under §2334 Burns 1908, Acts 1905 p. 584, is sufficient without alleging that the offense was committed in a public place. p. 160.

2.   APPEAL.—*Presenting Question for Review.—Verdict Not Sustained by Evidence, or is Contrary to Law.*—That the verdict is not sustained by sufficient evidence and is contrary to law can be presented for review only as causes for a new trial. p. 160.

3.   APPEAL.—*Verdict Not Sustained by Evidence.—Briefs.—Failure to Set Out Motion for New Trial.—Waiver.*—Where appellants' brief does not contain the motion for a new trial, or its substance, any question as to the sufficiency of the evidence is waived. p. 160.

4.   APPEAL.—*Sufficiency of Evidence.—Briefs.—Question Waived.*— Where appellants' brief does not contain a condensed recital of the evidence in narrative form, as required by Rule 22 of the Supreme Court, the determination of any question in regard to the sufficiency of the evidence is waived. p. 160.

5.   APPEAL.—*Briefs.—Condensed Recital of Evidence.*—Setting out in appellants' brief a mere statement of facts claimed to be proved by the evidence, is not a compliance with Rule 22 of the Supreme Court, requiring the brief to contain a condensed recital of the evidence in narrative form. p. 160.

From Lake Circuit Court; *Willis C. McMahan,* Judge.

Prosecution by the State of Indiana against Martin H. Carmody and others. From a judgment of conviction, the defendants appeal. (Transferred from the Appellate Court under §1397 Burns 1908, Acts 1901 p. 565.) *Affirmed.*

*Harris & Bretsch, McAleer Bros., S. K. Markman* and *J. K. Stinson,* for appellants.

*Thomas M. Honan,* Attorney-General, *Thomas H. Branaman, Edwin Corr* and *James E. McCullough,* for the State.

Monks, J.—Appellants were charged by affidavit with the offense of riot under §2334 Burns 1908, Acts 1905 p. 584, §438.

A trial of said cause resulted in a verdict of guilty, and over a motion for a new trial judgment was rendered on the verdict.

The errors assigned call in question the action of the court in overruling (1) appellants' motion to quash the affidavit, and (2) the motion for a new trial.

The only objection urged against the affidavit in the statement of points is "that it is not alleged that the offense was committed 'in a public place' but only that it was committed in Lake county."

It is insisted by appellants that the "essence of the offense of riot is the disturbing of the public in general in public places by three or more men," and citing *State* v. *Weekly* (1867), 29 Ind. 206. The case cited was a prosecution for an affray, which is defined by statute to be "fighting by agreement in a public place," and is therefore not in point here.

Section 2334, *supra,* which appellants are charged with violating, reads as follows: "If three or more persons shall do an act in a violent and tumultuous manner, they shall be deemed guilty of a riot, and, on conviction, shall be fined not exceeding five hundred dollars each, to which may be added imprisonment in the county jail not exceeding three months

each." It will be observed that it is not provided in said section that the act constituting a riot must be committed in a public place. Such an allegation is not necessary to the sufficiency of the affidavit. Said objection to the affidavit is not tenable. *State* v. *Voshall* (1853), 4 Ind. 589; *State* v. *Dillard* (1840), 5 Blackf. 365, 35 Am. Dec. 128; *Thayer* v. *State* (1858), 11 Ind. 287; *Kiphart* v. *State* (1873), 42 Ind. 273; *State* v. *Brown* (1879), 69 Ind. 95, 35 Am. Rep. 210; *State* v. *Aera* (1891), 2 Ind. App. 384, 28 N. E. 570; Gillett, Crim. Law (2d ed.) 186.

It is next insisted by appellants that the verdict is not sustained by sufficient evidence and is contrary to law. Said questions can only be presented as causes for a new trial. Appellants have not set out in their brief any motion for a new trial or the substance thereof, or any ground assigned therefor, as required by Rule 22 of this court. They have, therefore, waived the right to present any question in regard to the sufficiency of the evidence. *Bennett* v. *Root Furniture Co.* (1911), 176 Ind. 606, 96 N. E. 708; *Hall* v. *McDonald* (1908), 171 Ind. 9, 17, 85 N. E. 707, and cases cited; *Cal. Hirsch & Sons, etc., Co.* v. *Peru Steel, etc., Co.* (1912), 50 Ind. App. 59, 96 N. E. 807, 808 (2), and cases cited; *Dillon* v. *State* (1911), 48 Ind. App. 495, 96 N. E. 171 (1).

The determination of any question in regard to the sufficiency of the evidence is waived for another reason. It is provided in Rule 22 of this court that "if the insufficiency of the evidence to sustain the verdict or finding, in fact or law, is assigned, the statement shall contain a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely."

Appellants' brief does not contain a condensed recital of the evidence of each witness in narrative form, but only a statement of facts which they claim "were proven" by the evidence. This does not comply with the rule, and appellants have thereby waived a determination

of said question. *Campbell* v. *Bohannon* (1912), *ante,* 78, 98 N. E. 721; *Huffman* v. *Thompson* (1912), 177 Ind. 366, 98 N. E. 113 (3); *Stauffer* v. *Hulwick* (1911), 176 Ind. 410, 96 N. E. 154, 156 (6); *Macy* v. *Wood* (1912), 49 Ind. App. 469, 97 N. E. 553, 555 (3); *Price* v. *Swartz* (1912), 49 Ind. App. 627, 97 N. E. 938; *Webster* v. *Bligh* (1912), 50 Ind. App. 56, 98 N. E. 73; *Jeffersonville School Tp.* v. *School City, etc.* (1912), 50 Ind. App. 178, 96 N. E. 662, 664 (3); *Dillon* v. *State, supra.*

Having determined all the questions not waived, and finding no error, the judgment is affirmed.

NOTE.—Reported in 98 N. E. 870. See, also, under (1) 34 Cyc. 1781; (2) 29 Cyc. 747; 4 Ann. Cas. 304; (3) 2 Cyc. 1015; (4, 5) 1913 Cyc. Ann. 222.