GRAF *v.* STATE OF INDIANA.

[No. 26,953. Filed April 8, 1938.]

*Harry E. Roberts,* for appellant.

*Omer S. Jackson,* Attorney-General, and *Walter O. Lewis,* Deputy Attorney-General, for the State.

HUGHES, J.—The appellant was charged by affidavit of the crime of forgery. He was tried by a jury, convicted, and sentenced. He assigns as error: (1) That the court erred in overruling appellant's motion for an instructed verdict; and (2) the court erred in overruling appellant's motion for a new trial.

The reasons assigned for a new trial are: (1) The verdict is contrary to law; (2) the verdict is contrary to the evidence; (3) the verdict is contrary to the law and evidence; (4) error of law in refusing to give an instructed verdict for the appellant; (5) error of law in admitting State's Exhibit No. 2; and (6) that a fatal variance existed between the affidavit upon which the defendant was tried and the proof adduced at the trial.

The affidavit is in the usual form and charged appellant with forging and passing a check purporting to have been made and executed by Farmer's National Corporation, Indianapolis, Indiana, by Tressie Halm, who had authority to sign the check to D. H. Kelsey for the payment of $960.42.

The first error assigned, that the court erred in overruling appellant's motion for an instructed verdict, can not be sustained. The affidavit charged that the ██ check was signed by Tressie Halm, while it is claimed the evidence at the trial showed it was Tressie Hahn who signed the check.

There is no condensed recital of the evidence in the brief of appellant and as the alleged error goes to the sufficiency of the evidence, he has waived this assigned error. *Carmody* v. *State* (1912), 178 Ind. 158, 98 N. E. 870. And as appellant has failed to set out a condensed recital of the evidence he has waived any question to sustain the verdict.

As to the admission of Exhibit No. 2, no question is saved not only because a condensed recital of the evidence is not set out in appellant's brief, but also ██ for the reason the record shows that the only objection made to its introduction was upon the ground that "it is incompetent and immaterial." Many decisions of this court hold that such an objection presents no question upon appeal. *Hicks* v. *State* (1905), 165 Ind. 440, 75 N. E. 641.

Neither does the 6th reason for a new trial present any question on appeal for the reason that the appellant has not set out in his brief a condensed recital of the evidence and without the evidence this court can not determine the question of proof or variance. Moreover, the variance, if any, it not vital and would be no reason for a new trial. An Act of the Legislature of 1935, ch. 189, p. 928, provides:

"That the court may at any time before, during or after the trial amend the indictment or affidavit in respect to any defect, imperfection or omission in form provided no change is made in the name or identity of the defendant or defendants or of the crime sought to be charged."

It is clearly seen whether the correct name was Hahn or Halm, no change was made in the name or identity of the defendant or of the crime charged. And for the same reason there is no merit in the contention that the words "to order of" in the affidavit were omitted constitutes a fatal variance. However, as heretofore said, no objection was saved as to the admission of Exhibit Number 2.

We find no reversible error and the judgment is affirmed.

Judgment affirmed.