## CRAFTON v. CARMICHAEL.

[No. 3,842. Filed June 18, 1902.]

PLEADING.—*Complaint.*—A complaint alleged that defendant agreed that if plaintiff would procure and have transferred to him 202 shares of stock in a certain company he would sell four acres of plaintiff's land to a stone company for $4,000; that plaintiff complied with his part of the contract and tendered a deed for the land. The shares of stock are not shown to be of any value, and no sum is fixed as their purchase price; the sale of the land is made to depend upon its purchase by a corporation not a party to the agreement, and it is not averred that such corporation was willing, ready, and able to buy. *Held,* that the complaint is bad on demurrer. *pp. 321, 322.*

SAME.—*Action for Services.*—A complaint on a contract for services rendered is not bad for failure to allege that the compensation is due. *pp. 322, 323.*

SAME.—*Contracts.*—*Presumed to be Parol.*—A contract referred to in a pleading, in the absence of an averment to the contrary, is presumed to be in parol. *p. 323.*

APPEAL AND ERROR.—*Pleading.*—*Verdict.*—Where the court improperly overruled demurrers to three paragraphs of a complaint consisting of five paragraphs, and it does not appear upon which paragraph the verdict in favor of plaintiff was returned, the judgment thereon will be reversed. *p. 323.*

From Lawrence Circuit Court; *Newton Crooke*, Special Judge.

Action by Michael T. Carmichael against John B. Crafton on a contract. From a judgment for plaintiff, defendant appeals. *Reversed.*

*J. E. Henley* and *J. B. Wilson*, for appellant.

*R. W. Miers, E. Corr, H. C. Duncan, I. C. Batman, R. A. Fulk, T. J. Sare* and *E. K. Dye*, for appellee.

COMSTOCK, J.—The complaint is in five paragraphs. A several demurrer to each paragraph for want of facts was

overruled. Appellee, plaintiff below, recovered judgment. Appellant assigns, with other specifications of errors which we need not consider, the ruling of the court upon said demurrers. Omitting the formal parts, the first paragraph is as follows: "On the 1st day of September, 1897, defendant was a stockholder in the Crafton Stone Company, a corporation duly organized under the laws of the State of Indiana; that one Oscar M. Fulwider was a stockholder in said company, and held 202 shares of the capital stock of said company; that said Crafton was exceedingly anxious and desirous of obtaining said stock, and agreed with the plaintiff that if the plaintiff would secure said 202 shares of stock held by said Fulwider, and have the same transferred to the defendant, that he, defendant, would place, sell, and dispose of for plaintiff a certain four acres of ground, agreed upon, for the sum of $4,000, and would place and sell the same to the Victor Stone Company, a corporation organized under the laws of the State of Indiana, and that said stone company would issue bonds and buy said four acres of land and other lands; that the defendant would sell said four acres of land to said company for $4,000, and pay said sum over to said plaintiff; that thereupon plaintiff purchased said 202 shares of stock of said Fulwider, and caused the same to be transferred to said defendant; that subsequently defendant represented to plaintiff that he could place and sell a certain other piece of land, mostly owned by defendant, for said sum of $4,000, easier than he could place and sell the four acres of land belonging to plaintiff and his wife, and further represented to plaintiff that said last mentioned tract could be more easily placed if the title stood in the name of plaintiff than it could if it were to remain in defendant; and thereupon plaintiff, relying upon said promise and representations of defendant, consented thereto, and took a deed to said tract in his own name. The defendant wholly failed to carry out his part of said agree-

ment, and denies said contract; that, prior to the bringing of this suit, plaintiff tendered a deed, executed by himself and wife, to said Crafton for the said land so deeded to plaintiff as above mentioned, and now brings the same into court for his benefit. Wherefore," etc.

Except by inference it does not appear that appellant made any promise to appellee in reference to the land alleged to have been conveyed to him. The 202 shares of stock are not alleged to be of any value, nor is any sum fixed as their purchase price. Appellee has a deed for the land conveyed to him by appellant, which by inference it is alleged the appellant promised to sell for $4,000. It does not appear that appellee has suffered any damage. Besides, it is averred that the land first mentioned was to be sold to the Victor Stone Company, and that said company would isue bonds to buy said four acres of land, etc. In other words the defendant promised that the Victor Stone Company would buy. If made by the Victor Stone Company, it not being in writing it would be within the statute of frauds. Again, the sale of the land is made to depend upon its purchase by a corporation not a party to the agreement. It is not averred that this corporation was willing, ready, and able to buy.

The second paragraph differs from the first only in alleging that the defendant agreed to sell and place the four acres of land for plaintiff for the sum of $4,000, without alleging to whom it should be sold, while the first alleges that it was to be sold to the Victor Stone Company. The third paragraph alleges that the defendant agreed with plaintiff that if plaintiff would procure for defendant, and have transferred to him, 202 shares of stock in the Crafton Stone Company, a corporation, defendant would pay plaintiff therefor the sum of $4,000; that plaintiff did procure said stock and have the same transferred to defendant, but that defendant has refused to pay said sum or any part thereof; that said sum is due and unpaid. It is claimed that this

paragraph is bad because it seeks to recover upon contract for services to be performed, but within no fixed time and that noncompliance is not shown. A contract and its performance by the plaintiff is averred. Compensation is presumed to be due when the services are rendered. If the obligation of the defendant has not matured, it is matter of defense.

The fourth paragraph alleges that if plaintiff would procure and have transferred to defendant 202 shares of stock in thé Crafton Stone Company, and transfer to defendant a certain tract of real estate, containing about four acres, that defendant would pay the plaintiff therefor the sum of $4,000. The plaintiff did procure and transfer the said stock to defendant and that defendant waivéd the transfer of the real estate and now refuses to pay said sum, or any part thereof. This is open to the objection that the allegation that the defendant waived the transfer of said real estate is not the statement of a fact but a conclusion. The paragraph does not show a performance of the agreement by plaintiff. The contract in the absence of an averment to the contrary is presumed to be in parol, and, being for the conveyance of real estate, is within the statute of frauds. The fifth paragraph alleges that the defendant is indebted to the plaintiff in the sum of $4,000, with interest thereon for one year, for 202 shares of stock in the Crafton Stone Company, sold to the defendant by the plaintiff, a bill of particulars of which is made a part thereof by exhibit. There was no error in overruling the demurrer to this paragraph.

The court erred in overruling the demurrers to the first, second, and fourth paragraphs. As it does not appear upon which paragraph the verdict was returned, the judgment must be reversed. The judgment is reversed, with instructions to sustain the demurrers to the first, second, and fourth paragraphs of the complaint.