## JONES v. MOUNT ET AL.

[No. 20,831.  Filed May 29, 1906.]

1. QUIETING TITLE. — *Oil-and-Gas Leases.—Surrender.—Uncertainty in Terms.*—The owner of lands is not entitled to quiet his title where his contract, providing for the putting down of eight wells for oil and gas on a certain tract, stipulated that "on failure to drill any of these wells within the specified time, the second party shall surrender the right to drill on all of this grant excepting ten acres for each well drilled," such stipulation being so uncertain as not to apply, of itself, to any particular portion of such land.  p. 571.

2. CONTRACTS. — *Gas-and-Oil Leases.—Surrender.—Uncertainty.* —A contract providing that defendant shall put down eight gas-and-oil wells upon a certain tract, and on failure so to do shall surrender all but ten acres for each well sunk, is not void for uncertainty.  p. 572.

3. SAME.—*Gas-and-Oil Leases.—Surrender.—Right to Select.*—A contract, providing that defendant shall put down eight gas-and-oil wells on certain lands, or in default surrender all but ten acres thereof for each well put down, gives defendant the right to select the lands to be reserved with the wells put down. p. 572.

4. CONTRACTS.—*Gas-and-Oil Leases.*—*Surrender.*—*Right of Selection.*—*Power of Court.*—A contract giving defendant the right to select ten acres of a certain tract for each well put down thereon, but not describing the way it should be selected, must, on plaintiff's demand, be selected by defendant in a reasonable manner in view of the interests of both parties, and in case of failure so to do, the court will make the selection.   p. 573.

From Wells Circuit Court; *Edwin C. Vaughn,* Judge.

Suit by William L. Jones against Harry Mount and another. From a decree for defendants, plaintiff appeals. Transferred from Appellate Court under subd. 2, §1337j Burns 1901, Acts 1901, p. 565, §10.  *Affirmed.*

·*Mock & Sons* and *Brownlee & Browne,* for appellant.
*Dailey, Simmons & Dailey,* for appellees.

GILLETT, J.—Appellant, being the owner of an eighty-acre tract of land, entered into a contract in writing with appellee Jennings, under whom the other appellees claim, relative to the exploration and development of said land for oil and gas. The contract contemplated that eight wells might be drilled on said tract.· But one well was drilled, and appellant brought this suit to quiet title. The controversy is over the effect of a provision in said contract that "on failure to drill any of these wells within the specified time, the second party shall surrender the right to drill on all of this grant excepting ten acres for each well drilled." There was a finding and judgment for appellees in the court below. Error is predicated on the overruling of the motion for a new trial, and thereunder the question is presented whether the finding was contrary to law. The complaint was in three paragraphs, but as counsel for appellant admit that he was not entitled to recover under the second of said paragraphs, the issues which were formed on it need not be stated. The first of said paragraphs was to quiet title to the entire eighty acres, while the third was to quiet title to all of said tract except a specific ten acres in a square form surround-

ing said well. Appellant cannot recover under either of said paragraphs of complaint, because the provision concerning a surrender is so far uncertain that it cannot be said that the failure to drill the remaining seven wells *per se* entitled him to all or to any particular portion of the real estate. *Shoemaker* v. *McMonigle* (1882), 86 Ind. 421; *Edens* v. *Miller* (1897), 147 Ind. 208.

Counsel on both sides seem to be agreed that there is hopeless uncertainty in the instrument, but they differ radically as to who should bear the burden thereby occasioned. It is the insistence of counsel for appellant that under the writing it is the land which is to be withheld from surrender that is indefinitely described, and that therefore the whole contract ought to be decreed forfeited. As meeting the contentions stated, we deem it proper to say that in our view there is in reality no such uncertainty in the instrument as would require the striking down of any portion of its provisions. It is obvious that such a case as this does not fall within the principle of that class of cases in which it is adjudged that nothing passes by the deed where the terms are so uncertain that the intention of the parties cannot be ascertained. It will be observed that the contract contains a covenant upon the part of the grantee to surrender. This, within limits, gave the grantee the power of selection, and the mere fact that the land which he might elect to reconvey was originally uncertain does not prevent an enforcement of the undertaking according to its terms. The principle here announced was exhaustively considered upon the authorities in *Smith* v. *Furbish* (1894), 68 N. H. 123, 44 Atl. 398, 47 L. R. A. 226. And see, also, *Gardner* v. *Webster* (1888), 64 N. H. 520, 15 Atl. 144; *Dull* v. *Blum* (1887), 68 Tex. 299, 4 S. W. 489; *Nye* v. *Moody* (1881), 70 Tex. 434, 8 S. W. 606; *Dohoney* v. *Womack* (1892), 1 Tex. Civ. App. 354, 19 S. W. 883, 20 S. W. 950; *Waters* v. *Bew* (1894), 52 N. J. Eq. 787, 29 Atl.

590; *Lane* v. *Allen* (1896), 162 Ill. 426, 44 N. E. 831; 1 Jones, Real Property in Conveyancing, §334. There is no more of legal uncertainty in such a matter as this 4. than there is in the case of a way of necessity, where the reservation is implied as resting on the presumed intention of the parties. *Ritchey* v. *Welsh* (1898), 149 Ind. 214, 40 L. R. A. 105. The right is to be reasonably exercised, having in view the interests of both parties, as in such a case as the one just mentioned, and if it becomes necessary the reservation will be located by decree. Thus far we have felt justified in going for the reason stated, but as to the rights of the parties in view of their conduct since the execution of the contract, we deem it wise that an opinion should not be expressed until after the cause shall have been tried under appropriate issues and the questions arising shall have been briefed by counsel.

The finding of the trial court was proper, in view of the complaint, and its judgment is therefore affirmed.