## PITTINGER v. RAMAGE.

[No. 5,919. Filed November 8, 1907.]

1. APPEAL.—*Briefs.*—*Waiver.*—Where appellant's brief fails to set out the motion for a new trial or the special findings, the Appellate Court is justified in refusing to pass on questions presented thereon. p. 487.

2. TRIAL.—*Special Findings.*—*Omissions.*—Facts omitted from the special findings are deemed to be found against the party having the burden of proof thereon. p. 489.

3. CONTRACTS.—*Gas and Oil Leases.*—*Well Reservations.*—*Refusal to Make.*—*Demand.*—A gas and oil lease requiring the lessee to sink seven wells and giving the lessee the right to retain ten acres of the tract for each well sunk, where two are completed, and giving such lessee the further right, upon the completion of two wells, to abandon the remainder of the tract, does not authorize the institution of a suit by the lessor, to quiet his title to the remainder of the tract, until he makes a demand upon such lessee to make a definite reservation for each of such completed wells. p. 490.

4. QUIETING TITLE.—*Description.*—The court cannot quiet the title of a claimant to land, where the description is so indefinite that the land cannot be located. p. 491.

5. DEMAND.—*Vendor and Purchaser.*—*Lease.*—A demand made upon the owner of a gas and oil lease to make definite the well reservations provided for in the lease, is good as against his assignee. p. 491.

6. TRIAL.—*Special Findings.*—*Conclusions of Law.*—*Questions Raised.*—Exceptions to the conclusions of law raise no question as to the sufficiency of the evidence to support the special findings. p. 491.

From Delaware Circuit Court; *Joseph G. Leffler,* Judge.

Suit by Miles J. Pittinger against Samuel Y. Ramage. From a decree for defendant, plaintiff appeals. *Affirmed.*

*Frederick F. McClellan, Donald D. Hensel* and *Phelps & David,* for appellant.

*Griffith & Ross, Abram Simmons* and *Frank C. Dailey,* for appellee.

MYERS, J.—This was a suit to quiet title to fifty acres off of the south end of a certain seventy-five-acre tract of real estate in Delaware county, Indiana, against a natural gas and oil lease, executed by appellant's grantors to the Home Oil & Gas Company, and held by appellee as a remote assignee. An amended complaint in two paragraphs, answered by general denial, formed the issues. Trial by the court, and, at the request of appellee, special findings were submitted and conclusions of law stated thereon, and judgment for appellee, defendant below.

Appellant's motion for a new trial was overruled. That the court erred in overruling the motion for a new trial and in its conclusions of law are the only questions, under

1. a very liberal construction of the law and rules of the Supreme Court and this Court, that can possibly be considered. Appellee vigorously insists that appellant, in the preparation of his brief, has not complied with clause five, rule twenty-two, of the Supreme Court and this Court, and for that reason the questions sought to be presented are waived. We agree with appellant in this particular, and for that reason alone the cause should be affirmed. The brief does not set forth any reasons for a new trial, nor is there any statement that a motion for a new trial was filed, nor is there any reference to the record where such motion may be found, nor does the brief exhibit the special findings or the conclusions of law. It would be impossible from the brief to determine either of the questions argued, and, this being true, such assignments may be considered as waived.

*Chicago, etc., R. Co.* v. *Walton* (1905), 165 Ind. 253, and cases cited. But, in view of the very small record in this case, we have concluded to pass upon the merits. *Board, etc.,* v. *Crone* (1905), 36 Ind. App. 283.

It is claimed that the decision of the court is not sustained by sufficient evidence. Under this head it is argued that there is no evidence tending to show that seven wells had been drilled on the premises described in the lease, or that by any act of appellant was appellee or any of his assignors released from the full performance of the conditions of the lease, or that the terms of the lease had been fully complied with. The question for consideration depends upon that part of the lease which, in substance, provides that, in consideration of $1, lessors thereby granted unto the Home Gas & Oil Company, its successors and assigns, all the gas and oil in and under a certain seventy-acre tract of land in Delaware county, Indiana, reserving one-sixth part of all oil produced and saved, to be delivered in the pipe-line with which the lessee might connect the wells to be drilled on said land. The lessee agreed to drill at least seven wells on said tract of real estate within the periods following, to wit: The first to be completed "within thirty-five days from the date of this grant;" the second well to be completed within five months; and a well to be drilled each four months after the completion of the second well until all were completed. At any time after the completion of two wells, on the payment of $1 the lessee might surrender and cancel the lease of record, and thereby terminate all its rights and obligations as to all or any part of the land, with the right to the lessors to regrant to others such abandoned portion. Provision is made whereby the lessee may retain ten acres for each of the completed wells. The lease was dated August 14, 1902. The special findings show, and there is evidence to support them, that in September, 1902, the Home Oil & Gas Company took possession of the real estate under the

lease and drilled a well thereon, which produced gas in paying quantities, and which has continuously been utilized. In October, 1902, the second well was drilled, which produced neither oil nor gas. On January 29, 1903, appellant became the owner of the land. In October, 1903, the first well was drilled deeper, and it produced oil. On October 17, 1903, the controversy between appellant and the Home Oil & Gas Company regarding the developing of the land for oil and gas, was compromised, appellant receiving $75. On April 22, 1904, the Home Oil & Gas Company transferred said lease in writing to the Reid Oil Company. In June, 1904, the Reid Oil Company drilled a third well, which, together with the first well, was equipped, and ever since has been an oil producer. Appellant has received and is receiving his full royalty as provided in the lease, and has ever since the completion of the first well received and used gas therefrom for domestic purposes. On October 1, 1904, this action was commenced. On October 5, 1904, the Reid Oil Company became insolvent, and its property, including this lease, was, by the receiver, on February 1, 1905, under order of the court, sold to appellee, and the sale duly confirmed by the court. Appellee on said last date took possession of said land under said lease, and from that time and continuously ever since has produced oil and gas from said first and third wells. No other wells have been drilled nor completed on said land. Other facts are found which are not necessary to be set out.

On the facts found, conclusions of law were stated in favor of appellee, and judgment was rendered in accordance with these conclusions of law. The settled law applicable to the consideration of special findings is that a failure to find a material fact must be regarded as a finding against the party having the burden of establishing such fact.

In the case at bar the complaint proceeds upon the theory

that inasmuch as the completed wells are located on twenty acres off the north end of the seventy-acre tract covered by the lease, and there are no wells ·on the remaining fifty-acre portion, and the time having passed within which the remaining four wells were to be drilled, there was such a violation of the provisions of the lease as would authorize this suit. The complaint does not allege, nor does the evidence show, that prior to the commencement of this suit ten acres had been designated for each active well, nor does it appear that appellee, or any of his assignors, have been called upon to make such selection, nor that between the parties any agreement had been entered into whereby said north twenty-acre tract should be taken as such reservation. The lease does not locate the wells nor designate the form—whether oblong or square—of the ten-acre tracts, nor, in case of failure to drill wells, does it provide for any particularly described part of the land to be released on account of such failure. The lease gave the lessee a right to enter upon the seventy-acre tract and explore the same for oil and gas. Pursuant to this right three wells were actually drilled on the north twenty acres, but they were not so located because of any contract or agreement requiring that part of the land to be first developed. The lease left the location of the wells to the judgment of the lessee, except that no well was to be drilled within 200 feet of any building on the land. As we have seen, the exact form of the ten-acre tract to be reserved for each completed well is not specifically fixed by the lease, and in this particular the lease is indefinite. A similar lease to the one now under consideration was before the court in the case of *Jones* v. *Mount* (1906), 166 Ind. 570, and in that case it was held that the burden of making well reservations was upon the lessee, and if, upon demand, such party does not make such reservation within a reasonable time, the courts may be called upon to do so. In this case appellant arbitrarily set off twenty acres as a reservation for the two active wells,

and sought to quiet his title against the lease as to the remainder of the land. This, appellant cannot legally do. He made no demand upon the original lessee or its assigns that well reservations be selected, and without such demand and refusal to comply therewith, in the absence of an agreement describing the premises reserved with each well, the court, because of an indefinite and insufficient description of the land, would have no basis upon which to render a decree quieting title. *Jones* v. *Mount* (1902), 30 Ind. App. 59; *Jones* v. *Mount* (1906), 166 Ind. 570; *Monaghan* v. *Mount* (1905), 36 Ind. App. 188.

Appellant insists that no demand was necessary, for the reason that appellee took the lease with notice, of the litigation and the claims of appellant. It must be admitted that the receiver at the time of the sale had the right to make well reservations. This right was guaranteed to him under the lease, and this right was sold to appellee. If the demand had been made on the Reid Oil Company or its receiver, and it had failed to exercise this right within a reasonable time, then such demand would be effective as against appellee, but such is not the state of this record.

The exception to the conclusions of law raises no question as to the sufficiency of the evidence to support the findings, which, for the purpose of any question presented by such exception, must be considered as having been fully and correctly found. *Ray* v. *Baker* (1905), 165 Ind. 74; *Conner* v. *Andrews Land, etc., Co.* (1904), 162 Ind. 338; *Eisman* v. *Whalen* (1907), 39 Ind. App. 350; *Reserve Loan Life Ins. Co.* v. *Hockett* (1905), 35 Ind. App. 89.

The conclusions of law are well supported by the findings, and, the decision of the court being sustained by the evidence, the judgment is therefore affirmed.