## WAH KEE *v.* CLARK.

[No. 6,974.    Filed October 11, 1911.]

1. LANDLORD AND TENANT.—*Complaint.—Failure to Allege Written Lease.—Presumptions.*—A complaint alleging that the plaintiff is the owner and entitled to the possession of certain premises, that defendant was a tenant by the year, that notice to deliver possession of the premises was served on him ninety days prior to the expiration of his tenancy, a copy thereof being made part of the complaint, and that defendant unlawfully holds over, is sufficient; and the presumption, in the absence of an allegation that the lease was in writing, is that it was oral.    p. 463.

2. APPEAL.—*Motion to Make More Specific.—Assignments of Errors.*—The overruling of a motion to make more specific cannot be considered on appeal, where the assignment of errors does not present such alleged error.    p. 464.

3. APPEAL.—*Briefs.*—*Motion for a New Trial.*—Where neither the motion for a new trial, nor any of its grounds, are set out in appellant's brief, alleged error in the ruling thereon is waived. p. 464.

4. LANDLORD AND TENANT.—*Tender.*—*Answer.*—In an action by a landlord to recover possession of his property, an answer of tender by the tenant failing to allege the amount due, or to show any connection between the tender and the damages alleged in the complaint, the damages and the tender being for different amounts, or to show whether the tender was accepted, refused, or brought into court, is insufficient.   p. 464.

From Lake Superior Court, *Virgil S. Reiter,* Judge.

Action by James T. Clark against Wah Kee. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Crumpacker & Crumpacker* and *John M. Stinson,* for appellant.

*John F. Reilly* and *J. A. Gavit,* for appellee.

HOTTEL, J.—This was an action begun before a justice of the peace for possession of real estate. From a judgment in favor of appellee, there was an appeal to the Lake Superior Court. In that court there was a trial, with a finding for appellee that he was entitled to the possession of the property, and $237.50 damages for the detention thereof. On this finding the judgment was rendered from which this appeal was taken.

Original and supplemental complaints were filed, the sufficiency of each of which, as against a demurrer, is presented by the assignment of errors.

The only objection urged is that "the lease had been ratified by James T. Clark, appellee in this cause, and that it was not made part of the complaint." Neither the original nor the supplemental complaint mentions any written lease. The original complaint alleges that appellee is the owner and entitled to the possession of the property; that appellant was a tenant by the year, and that his tenancy expired September 10, 1907; that notice to deliver the premises was served at least ninety days be-

fore the expiration of the tenancy, a copy of which notice
is made a part of the paragraph; that "since the expira-
tion of said tenancy plaintiff has been and now is entitled to
the possession of said premises, and the defendant unlaw-
fully holds over and detains the possession  *  *  *  from
plaintiff." The allegations of the supplemental complaint
are in all material respects the same, except that it pro-
ceeds on the theory that appellant was a renter by the
month, but alleges the same date of expiration of tenancy
and the same notice to deliver possession. There being no
allegation that the lease, or rental contract, was in writing,
the law indulges the presumption that it was oral. *Horner*
v. *McConnell* (1902), 158 Ind. 280; *Crafton* v. *Carmichael*
(1902), 29 Ind. App. 320. Both the original and the sup-
plemental complaints seem to be good as against a demurrer,
and are not open to the objection urged by appellant.

Appellant also urges against the complaint that
2. a motion to make it more specific should have been
sustained, but there is no assignment of error pre-
senting this question for review.

Alleged error of the court in overruling the motion for a
new trial is urged, but neither the motion nor any of its
grounds are set out in appellant's brief. The former
3. decisions of this court and the Supreme Court pre-
vent a consideration of any question raised by this
motion. *Tisdale* v. *State* (1906), 167 Ind. 83; *Talbott* v.
*Town of New Castle* (1907), 169 Ind. 172; *Harrold* v.
*Fuenfstueck* (1903), 31 Ind. App. 275; *Pittinger* v. *Ramage*
(1907), 40 Ind. App. 486.

Complaint is also made of the ruling of the court in sus-
taining the demurrer to appellant's third paragraph of an-
swer. This answer attempted to plead tender, but
4. failed to allege the amount, or any amount, due, or to
show any connection between the tender and the
damages alleged in the complaint, which was a different
amount from the tender, and also failed to allege whether

the tender was refused, accepted or brought into court. This paragraph of answer is clearly bad. Other questions are raised, but none that we think entitles appellant to a reversal.

Judgment affirmed.