DILLON, ADMINISTRATOR, *v.* THE STATE OF INDIANA.

[No. 7,995. Filed October 24, 1911.]

1. APPEAL.—*Briefs.—Failure to Set Out Motion for New Trial.*— Appellant's failure to set out, in his brief, his motion for a new trial, or the substance thereof, waives any question thereon. p. 496.

2. APPEAL.—*Briefs.—Setting out Evidence.*—A mere recital in appellant's brief of conclusions from the evidence presents no question thereon. p. 496.

3. APPEAL.—*Rules.—Courts.*—The Appellate Court rules are as binding as laws, and cannot be abrogated in a special case, at the discretion of the court. p. 496.

From Jefferson Circuit Court; *Hiram Francisco,* Judge.

Action by The State of Indiana against Michael Noon (Thomas B. Dillon, as the administrator of his estate, prosecutes the appeal). From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Perry E. Bear* and *Edwin C. Davis,* for appellant.

*Thomas M. Honan,* Attorney-General, *Edwin Corr, James E. McCullough* and *Thomas H. Branaman,* for the State.

ADAMS, J.—The style of this action, originally commenced before the mayor of the city of Madison, Indiana, was "The State of Indiana v. Michael Noon, *in rem* four barrels of whisky." The purpose of the action was to have the whisky seized by the officers and destroyed, pursuant to §8338 *et seq.* Burns 1908, Acts 1907 p. 27, §§2-14, governing the seizure of intoxicating liquors. Upon the filing of an affidavit, as required by law, a search-warrant was issued, and was served by taking into possession four barrels of whisky, the property of Michael Noon. Upon the hearing before the mayor, it was adjudged that said whisky was kept for the purpose of being sold in violation of the laws of the State, and the sheriff was ordered to destroy said whisky. Michael Noon appealed to the Jefferson Circuit Court, where the cause was submitted to the court without a jury. The find-

ing was for the State, and the judgment was that, within fifteen days thereafter, the whisky, together with the vessels that contained it, should be destroyed by the sheriff.

Appeal was taken to this court by appellant, and the only error argued and relied on for reversal is that the court erred in overruling the motion for a new trial.

It is first urged by appellee that no question is presented to this court, for the reason that neither the motion for a new trial, nor the substance thereof, is set out in appellant's brief, as required by the rules. The brief shows that Thomas Dillon, administrator, filed his motion for a new trial, which the court overruled, to which ruling appellant, at the time, excepted. Under the rule, as declared by numerous decisions of the Supreme Court and this court, the objection of appellee is well taken. *Pittinger* v. *Ramage* (1907), 40 Ind. App. 486; *Tongret* v. *Carlin* (1905), 165 Ind. 489; *Gregg* v. *Gregg* (1906), 37 Ind. App. 210.

But assuming that we are warranted in examining the argument to ascertain the grounds of the motion for a new trial, still counsel for appellee contend that no question is presented, as the rules require that where the insufficiency of the evidence to sustain the verdict or finding is assigned, the brief shall contain a condensed recital of the evidence in narrative form, so as to present the substance clearly and concisely. In the brief of appellant this rule is not observed. The recital of the evidence therein set out is simply a recital of the conclusions of counsel, liberally interspersed with argument, and does not disclose that any witness testified to the statements shown in the brief.

In the case of *Albaugh Bros., etc., Co.* v. *Lynas* (1911), 47 Ind. App. 30, this court said: "Appellees having in their brief directed attention to the failure of appellant to comply with the rule herein stated, it is not within the power of this court to ignore or arbitrar-

ily to refuse to consider the question thus raised. It is said in *Magnuson* v. *Billings* [1899], 152 Ind. 177, 180, that rules, when adopted and published, 'have the force and effect of law, and are obligatory upon the court, as well as upon parties to causes pending before it.' In the same case it is further said: 'A rule of court is a law of practice, extended alike to all litigants who come within its purview, and who, in conducting their causes, have the right to assume that it will be uniformly enforced by the court, in conservation of their rights, as well as to secure the prompt and orderly dispatch of business.' " To attempt to ascertain and decide questions not presented, as required, would be to abrogate the rules, which are as binding upon the court as they are upon litigants. *Schrader* v. *Meyer* (1911), *ante*, 36; *Reeves & Co.* v. *Gillette* (1911), 47 Ind. App. 221; *Bradley* v. *Harter* (1911), *post*, 541; *King* v. *State, ex rel.* (1911), 47 Ind. App. 595; *Chicago, etc., R. Co.* v. *Newkirk* (1911), *ante*, 349; *Buehner Chair Co.* v. *Feulner* (1905), 164 Ind. 368; *Indiana Union Traction Co.* v. *Heller* (1909), 44 Ind. App. 385.

The judgment is affirmed.