## THOMPSON ET AL. *v.* THOMPSON ET AL.

### [No. 7,568.   Filed April 3, 1912.]

1. APPEAL.—*Briefs.—Failure to Comply With Court Rule.— Waiver of Error.*—Where appellants' brief does not set out so much of the record as fully presents the errors relied on, with reference to the page and line of the transcript, as required by rule twenty-two, such errors are waived.  p. 96.

2. APPEAL.—*Motion for New Trial.—Brief.*—Where the overruling of a motion for a new trial is assigned as error, appellants' brief should contain so much of the record as shows that such a motion was filed, and that the same was overruled by the court and an exception saved to such ruling, and should also contain a copy of the motion, or its substance, with reference to the pages and lines of the transcript where the entry may be found.  p. 97.

From Marshall Circuit Court; *Harry Bernetha,* Judge.

Action by William C. Thompson and another against John H. Thompson and another. From a judgment for plaintiffs, the defendants appeal. *Affirmed.*

*S. N. Stevens* and *E. C. Martindale,* for appellants.
*Harley A. Logan,* for appellees.

LAIRY, J.—In the year 1903, William C. Thompson, being the owner of eighty acres of land in Marshall county, deeded

the same to his son John H. Thompson and Anna L. Thompson, husband and wife. This deed was made subject to a mortgage for the sum of $1,300 which the grantee assumed and agreed to pay as a part of the consideration. The deed also contained the following provision: ''The grantor, herein William C. Thompson, reserves for himself individually the right and privilege of residing and living with the grantees herein upon said described real estate at any time he may select during his lifetime. Meaning by this that the grantor herein reserve for the said William C. Thompson, individually the right and privilege of making his home with the grantees herein or any subsequent owner of said described real estate during the said William C. Thompson's life time.''

In the year 1907 appellees brought this action to set aside the deed and recover possession of the real estate described therein. The case was tried below on the issues formed on the first and third paragraphs of complaint, and a judgment rendered in favor of appellees, setting aside the deed. There was also a judgment in favor of appellants for $1,187.60 on the issues formed by their cross-complaint and the answer thereto.

The errors relied on for reversal, as stated in the brief of appellants, are three in number: (1) The court erred in overruling the separate demurrer of appellants to the first paragraph of complaint; (2) the court erred in overruling appellants' separate demurrer to the third paragraph of complaint; (3) the court erred in overruling appellants' motion for a new trial.

Appellants have waived the first two specifications of error by failing to set out in their brief so much of the record as fully presents these errors, with a reference to the pages and lines of the transcript, as required by rule twenty-two of this court. The brief does not set out a copy of the demurrers, and does not state their substance. It does not contain a statement of the

record showing that such demurrers were ever filed, or that the same were ruled on by the court, or that such rulings were excepted to by the appellants. Both the Supreme Court and this court have held frequently that this amounts to a waiver of any question presented by the demurrer. *Chicago Terminal, etc., R. Co.* v. *Walton* (1905), 165 Ind. 253, 74 N. E. 1090; *Perry, etc., Stone Co.* v. *Wilson* (1903), 160 Ind. 435, 67 N. E. 183; *Miedreich* v. *Frye* (1908), 41 Ind. App. 317, 83 N. E. 752; *Citizens Nat. Bank* v. *Alexander* (1905), 34 Ind. App. 596, 73 N. E. 279.

A strict enforcement of the rules would preclude us from considering any question sought to be presented by the motion for a new trial. The brief of appellant should

2. set out so much of the record as shows that such a motion was filed, and that the same was overruled by the court and an exception saved by appellant to such ruling, and should also set out a copy of the motion, or give its substance, and refer to the pages and lines of the transcript where the entry may be found. The brief filed by appellant in this case fails to comply with the rules in any of the particulars mentioned. Under the head of points relied on for reversal, we find in the brief a statement that the motion for a new trial was based on two grounds, the first, that the evidence is insufficient to sustain the finding of the court, and the second, that the verdict is contrary to law. While under the rules we are not required to examine the evidence, we have, nevertheless, taken the trouble to do so, and such examination has convinced us that the record contains evidence to support the finding, and that such finding is not contrary to law.

The judgment of the trial court is affirmed.

Note.—Reported in 98 N. E. 7. See, also, under (1) 2 Cyc. 1015; (2) 1913 Cyc. Ann. 222.