## HUBBARD *v.* BURNET-LEWIS LUMBER COMPANY.

### [No. 7,700.   Filed June 28, 1912.]

1. Appeal.—*Vacation Appeal.—Parties.*—To give the court jurisdiction of a vacation appeal, all the parties to the judgment appealed from must be made parties to the appeal. p. 99.
2. Appeal.—*Vacation Appeal.—Parties.*—Parties defendant against whom a mechanic's lien was foreclosed are not necessary parties to a vacation appeal taken by a co-defendant from a personal judgment rendered against him alone in the action, since a reversal of such personal judgment could not in any way affect their rights. pp. 99, 100.
3. Appeal.—*Parties.*—Where an action is brought against several defendants, and a judgment is rendered against one or more of them and in favor of the others, those against whom the judgment is rendered may appeal without joining the other defendants as appellants. p. 99.
4. Appeal.—*Sufficiency of Complaint.—Review.—Right to Object.* —Appellant cannot object to the sufficiency of the complaint on the ground that the facts are not sufficient to constitute a cause of action for the foreclosure of a mechanic's lien, where he disclaimed any interest in the property against which the lien was

enforced, and the complaint stated sufficient facts to justify a personal judgment, which was the only form of judgment rendered against him. p. 100.

5. APPEAL.—*Briefs.—Questions Presented.—Ruling on Motion for New Trial.*—Where appellant fails to set out in his brief a copy of the motion for a new trial, or its substance, no question on the overruling of such motion is presented for consideration. p. 100.

6. MECHANICS' LIENS.—*Enforcement.—Attorney's Fees.—Personal Judgment.*—Where, in an action on an open account and to foreclose a mechanic's lien, appellant had disclaimed any interest in the property against which the lien was sought to be enforced, and a decree of foreclosure was rendered against his codefendants in the amount of the claim and an additional sum for attorney's fees, and a personal judgment was rendered against appellant for the same amount, the court erred in including in such personal judgment the amount found to be due plaintiff for attorney's fees. p. 100.

From Superior Court of Marion County (78,213); *Pliny W. Bartholomew,* Judge.

Action by the Burnet-Lewis Lumber Company against Willard W. Hubbard and others. From a judgment for plaintiff, the defendant, Hubbard, appeals. *Affirmed conditionally.*

*Emrick & Deupree,* for appellant.

*D. A. Myers, H. A. Fenton* and *J. T. Lecklider,* for appellee.

LAIRY, J.—Appellee brought this action on an open account to recover the price of certain lumber and to foreclose a mechanic's lien. The complaint alleges that defendants William L. Davis, Willard W. Hubbard, Walter J. Hubbard and Eugene F. Manns formed a partnership for the purpose of making repairs on a certain described building and conducting a skating rink therein under the name of the Majestic Skating Rink Company; that the lumber, for the price of which this action is brought, was sold and delivered to this partnership. The complaint also contains averments in reference to a lease from the owners of the real estate to defendant Manns for the benefit of the partnership, and also

to the filing and recording of a mechanic's lien which plaintiff seeks to foreclose. The owners of the real estate were made parties defendant, as well as all of the members of the alleged copartnership. A personal judgment was rendered against Willard W. Hubbard alone, and a decree was entered foreclosing the lien against the leasehold interest. From this judgment appellant prosecutes this, as a vacation appeal, without joining any of his codefendants.

We are first confronted with a motion to dismiss the appeal, on the ground that all the parties to the judgment are not made parties thereto. It has frequently been held

1. that in order to give this court jurisdiction of a vacation appeal all the parties to the judgment appealed from must be made parties to the appeal. *Shuman* v. *Collis* (1896), 144 Ind. 333, 43 N. E. 257; *Denke-Walter* v. *Loeper* (1895), 142 Ind. 657, 42 N. E. 358.

The record in the case shows that appellant, Willard W. Hubbard, was the only defendant against whom a personal judgment was rendered. It is insisted in his behalf

2. that he has no interest in the judgment foreclosing the lien, that the personal judgment against him may be reversed without affecting such decree of foreclosure, and that, therefore, the parties defendant against whom the lien was foreclosed are not necessary parties to this appeal.

The judgment appealed from was in favor of appellee and against appellant Hubbard, but the finding and judgment was in favor of all the other defendants.

Where an action is brought against several defendants, and a judgment is rendered against one or more of them and in favor of the others, those against whom the judgment

3. is rendered may appeal without joining the other defendants as appellants, for the reason that such other defendants have no interest in the judgment which appellants ask to reverse. *Southern R. Co.* v. *Elliott* (1908), 170 Ind. 273, 82 N. E. 1051; *Town of Windfall City* v. *First Nat.*

*Bank* (1909), 172 Ind. 679, 87 N. E. 984, 89 N. E. 311; *Indianapolis Traction, etc., Co.* v. *Holtzclaw* (1907), 40 Ind. App. 311, 81 N. E. 1084.

The reason underlying the cases just cited applies to the question here presented. Appellant is endeavoring by this appeal to reverse the personal judgment rendered against him, in which his codefendants in the trial court have no interest whatever. A reversal of this judgment cannot affect their rights in anyway, and they are therefore not necessary parties to this appeal.

The sufficiency of the complaint is questioned by assignment of error. The complaint states facts sufficient to show a personal liability on the part of appellant and to justify a personal judgment against him. As this was the only form of judgment entered against appellant, and as he disclaims all interest in the property against which the lien was enforced, he is in no position to object to the sufficiency of the complaint on the ground that the facts are not sufficient to constitute a cause of action for the foreclosure of the mechanic's lien.

Appellant assigns as error that the court erred in overruling his motion for a new trial, but he has failed in his brief to set out a copy of such motion or to give its substance. This assignment of error therefore presents no question for our consideration. *Isanogle* v. *Russey* (1910), 174 Ind. 245, 91 N. E. 938; *Hall* v. *McDonald* (1908), 171 Ind. 9, 85 N. E. 707.

The court found that there was due plaintiff, on the account sued on, from Willard W. Hubbard the sum of $410.31, and that plaintiff held a mechanic's lien against the leasehold interest and the improvements made upon the buildings under a lease from defendants Kothe to defendant Manns; that there was due plaintiff on said lien the sum of $410.31 and also the further sum of $25 as and for attorney's fees. The court thereupon entered a personal judgment against appellant, Willard W.

Hubbard, for the sum of $435.31, and also entered a decree foreclosing the mechanic's lien against the leasehold interest and the improvements made thereunder in the same amount. The court also made an order that the lien be transferred to the funds in the hands of defendant Cook, as receiver of the Majestic Skating Rink Company, and further ordered that whatever part or portion of said judgment should not be paid out of the funds in the hands of such receiver should be made by execution from the property belonging to appellant.

Appellant moved the court to modify the personal judgment against him, by reducing the same $25, for the reason that plaintiff was not entitled to recover an attorney's fee against him personally, but was entitled to recover such fee only as against the property on which the lien was foreclosed. It is clear that this motion should have been sustained, and that the personal judgment should have been reduced to $410.31, that being the amount due on the account in suit.

It is insisted by appellee that the error of the court in overruling this motion was harmless, for the reason that the finding shows that defendant David L. Cook was, in another action, duly appointed receiver of the leasehold interest of Eugene F. Manns who was doing business under the style of the Majestic Skating Rink Company, and that such receiver had sold the leasehold interest and the improvements made thereunder, which are covered by the decree of foreclosure in this action, and that he had received therefor the sum of $495, which money was at the time in the hands of such receiver.

As heretofore stated, the decree provided that the funds in the hands of the receiver should be first applied to the payment of the judgment in this case, and that the balance should be collected from appellant personally.

If, after paying the expenses of his trust and other superior claims, the receiver will have money remaining which can be applied to the payment of this judgment, in obedi-

ence to the decree entered in this case; and if the amount so remaining is or will be equal to, or in excess of, the amount of the attorney's fee included in the personal judgment against appellant, and if such amount has been paid on said judgment or will be available for that purpose, then no harm could result to appellant from the ruling on this motion.

It does not appear from the record in this case, however, that any part of the money in the hands of such receiver has been paid on this judgment, or that any part of it will be available for such purpose. The personal judgment against appellant is $25 more than it should be. This error should be corrected.

It is therefore ordered that the judgment of the lower court be affirmed at the costs of appellee, subject to the condition that appellee will within thirty days from this date enter on the judgment of the court below, as of the date of such judgment, a remittitur of $25, and file the certificate of the clerk of such court with the clerk of this court that such remittitur has been so made, otherwise judgment is reversed at cost of appellee.

Judgment affirmed.

Note.—Reported in 98 N. E. 1011. See, also, under (1) 2 Cyc. 757; (3) 2 Cyc. 758; (4) 3 Cyc. 233; (5) 2 Cyc. 1014; (6) 27 Cyc. 462.