## ELLIS v. STATE OF INDIANA.

[No. 22,290.    Filed April 22, 1913.    Rehearing denied October
15, 1913.]

1. CRIMINAL LAW. —*Appeal.* — *Record.* — *Questions Reviewable.*—
*Motion to Quash.*—No question is presented for review on appeal
on the overruling of a motion to quash, where the record does not
disclose that the motion was made upon the grounds provided
by statute, or that any such grounds were presented to the trial
court by the motion.    p. 272.

2. APPEAL.—*Questions Reviewable.—Motion for New Trial.—
Briefs.*—No question is presented on appeal on the overruling of
a motion for a new trial, where neither the motion nor its
substance is set out in appellant's brief.    p. 272.

3. INDICTMENT AND INFORMATION.—*Duplicity.—Keeping Place for
Unlawful Sale of Liquor.—Keeping Liquor for Purpose of Un-
lawful Sale.*—An indictment charging that on a certain day
defendant unlawfully kept and operated a place where intox-
icating liquors were unlawfully sold, and that he was then
and there found in the possession of a large quantity of intoxi-
cating liquors for the purpose of unlawful sale, is not objection-
able for duplicity on the ground that two offenses are charged,
but is a sufficient statement of a public offense in violation
of §8351 Burns 1908, Acts 1907 p. 689, commonly known as the
"Blind Tiger" law.    p. 272.

From Delaware Circuit Court; *Frank Ellis,* Judge.

Prosecution by the State of Indiana against George Ellis.
From a judgment of conviction, the defendant appeals.
*Affirmed.*

*Leffler, Bell & Needham,* for appellant.

*Thomas M. Honan,* Attorney-General, and *Thomas H.
Branaman,* for the State.

ERWIN, J.—This was a prosecution by the State of Indi-
ana upon indictment against appellant for the alleged viola-
tion of a portion of §8351 Burns 1908, Acts 1907 p. 689,
commonly known as the "Blind Tiger" law.

The indictment in this cause, omitting the formal parts
reads as follows: "The Grand Jurors of Delaware County,

good and lawful men, duly and legally empanelled, charged
and sworn to inquire into felonies and certain misdemeanors
in and for the body of said county of Delaware, in the name
and by the authority of the State of Indiana, on their oaths
present that one George Ellis, on the 24th day of November,
1911, at and in the county of Delaware, State of Indiana,
did then and there unlawfully keep, run and operate a
place where intoxicating liquors were then and there unlaw-
fully bartered, sold and given away in violation of the laws
of said State of Indiana, and was then and there found in
possession of a large quantity of intoxicating liquors for the
purpose of then and there unlawfully bartering and giving
said liquors away in violation of the laws of the State of
Indiana.''

To this indictment, the defendant, by his attorneys moved
to quash without assigning any reason why the same was
defective, which motion to quash was, by the court, over-
ruled, to which ruling of the court the defendant, at the time,
excepted. The defendant, being duly arraigned, entered a
plea of not guilty. Trial was had by jury, which resulted
in the conviction of the defendant and a fine assessed in
the sum of one hundred and seventy-five dollars with impris-
onment in the county jail for a period of fifty days. The
defendant filed a written motion for a new trial assigning
therein ninety-six reasons why the court should grant a
new trial. This motion was by the court, overruled, to
which ruling of the court, the defendant at the time
excepted. The defendant thereupon filed his motion in
arrest of judgment and assigned as reasons therefor, that
the indictment did not state facts sufficient to constitute a
public offense, which motion in arrest of judgment was, by
the court, overruled, to which ruling of the court the de-
fendant at the time excepted. The court thereupon entered
judgment in said cause, assessing a fine of one hundred and
seventy-five dollars, and that the defendant be committed
to the county jail for a period of fifty days, and that he pay

the costs of the prosecution, to which judgment of the court, defendant, at the time excepted, and prayed an appeal to this court.

The defendant, by his assignment of errors has undertaken to present to this court three questions, viz., (1) "The court erred in overruling appellant's motion to quash the indictment therein." (2) "The court erred in overruling appellant's motion for a new trial." (3) "The court erred in overruling appellant's motion in arrest of judgment."

No question on the motion to quash is presented to this court, for the reason that the record does not disclose that the motion was made upon the grounds provided by statute, or that any such grounds were presented to the trial court by the motion. *Leach* v. *State* (1912), 177 Ind. 234, 97 N. E. 792 and cases there cited.

No question is presented on the motion for a new trial, for the reason that the motion, or the substance thereof is not set out in appellant's brief, and the same is waived. *Barnett* v. *State* (1912), 177 Ind. 461, 97 N. E. 530, and cases there cited. The only other question presented by the appellant, is upon his motion in arrest of judgment, which motion, omitting the formal parts is as follows: "The defendant, George Ellis, in the above entitled cause, moves the court for an arrest of judgment in said cause, for the following reasons: First: That the alleged facts stated in the indictment, do not constitute a public offense under the laws of the State of Indiana."

It is urged by the appellant that the indictment, by reason that it charges the appellant with unlawfully keeping, running and operating a place where intoxicating liquors were sold in violation of law of this State; and with keeping in his possession, intoxicating liquors, two criminal offenses are charged, and it is therefore void for duplicity. This court in *Yazel* v. *State* (1908), 170 Ind. 535, 84 N. E. 972, had under consideration an affidavit under the

same statute, drawn in a similar manner to the one at bar, and the decision of this court in that case was adverse to the contention of the appellant. We think that case decisive of the question in this case. The court did not err in overruling appellant's motion in arrest of judgment.

Although not required to do so under the briefs presented in this case, this court has made a careful examination of all the pleadings, the evidence given in the cause, and the instructions of the court, and we are of the opinion that the defendant has had a fair and impartial trial and that the proper result has been reached, and that no reversible error was committed.

Judgment affirmed.

NOTE.—Reported in 101 N. E. 626. See, also, under (1) 12 Cyc. 864; (2) 2 Cyc. 1013; 12 Cyc. 877; (3) 22 Cyc. 376.

[No. 21,922. Filed May 9, 1913. Rehearing denied October 15, 1913.]