## ST. JOSEPH VALLEY RAILROAD COMPANY *v.* RABER & LANG MANUFACTURING COMPANY ET AL.

[No. 7,928. Filed May 14, 1913.]

1. APPEAL.—*Questions Presented.—Briefs.—Requisites.*—The errors relied on for reversal must be pointed out in appellant's brief in accordance with Rule 22 of the Supreme and Appellate Courts. p. 439.

2. APPEAL.—*Review.—Judgment.—Presumptions.*—The court will not search the record for error, and, none being shown by appellant, will presume that the judgment is correct. p. 440.

From Dekalb Circuit Court; *Emmett A. Brattan,* Judge.

Action between the St. Joseph Valley Railroad Company and the Raber & Lang Manufacturing Company and another. From a judgment for the latter, the former appeals. *Affirmed.*

*John G. Yeagley* and *P. V. Hoffman,* for appellant.

*Link & Atkinson* and *Leonard, Rose & Zollars,* for appellee.

LAIRY, J.—Many of the alleged errors by which appellant seeks to reverse the judgment of the trial court are not so presented in the briefs as to require consideration.

1. It is well settled that the errors relied on for reversal must be pointed out by the brief of appellant in accordance with Rule 22 of the Supreme and Appellate Courts. The judgment of the trial court is presumed to be correct and this court will never search the record to find

2.    a cause for reversal. *Chicago, etc., R. Co.* v. *Pritch-ard* (1907), 168 Ind. 398, 79 N. E. 508, 81 N. E. 78, 9 L. R. A. (N. S.) 857; *Webster* v. *Bligh* (1912), 50 Ind. App. 56, 98 N. E. 73. The brief of appellant as originally filed failed to set out a copy of the motion for a new trial or to give its substance. By permission of the court the brief has been amended in this respect, but it still falls far short of a compliance with the rule. Appellant's brief may be considered as properly presenting some of the questions relied on for reversal, and these we have carefully examined. We think, however, that no good purpose would be served by a separate discussion of each question. The opinion might be so prepared as to point out the questions which are not properly presented and might point out wherein the briefs fail in this respect. It might then take up the questions raised and separately dispose of them by showing either that no error was committed in the ruling complained of, or that the error was not prejudicial. Such a course would, however, unnecessarily extend this opinion, owing to the numerous questions sought to be presented, and would involve a reiteration of well-settled propositions of law often announced and applied by the courts of appeal of this State. It would be of no value to the profession and would afford little satisfaction to the litigants. So far as disclosed by the briefs the case appears to have been fairly tried upon its merits.

Judgment affirmed.

Note.—Reported in 101 N. E. 832. See, also, under (1) 2 Cyc. 1014; (2) 3 Cyc. 275. As to the effect of appeal or of right of appeal on judgment as *res adjudicata,* see 37 Am. St. 29.