LEGROS v. CULBERSON.

[No. 11,167.   Filed April 6, 1922.]

1. BAILMENT.—Automobile.—Repairs Ordered by Buyer.—Seller's Liability.—Where the owner of an automobile allowed a prospective purchaser to drive it to ascertain its condition and he later returned it to the owner's garage in a damaged condition, and engaged a mechanic to make repairs, the owner, having expressly notified ·the mechanic in advance that he would not pay for repairs, is not liable therefor.   p. 159.

2. MECHANICS' LIENS.—Attorney's Fees.—Finding of Value.—Evidence.—In a proceeding to foreclose a mechanic's lien, a finding of the value of an attorney's services is not justified, in the absence of any evidence on the subject.   p. 161.

From Delaware Circuit Court; *William A. Thompson,* Judge.

Action by David R. Culbertson against Leon Legros and others. From a judgment against the named defendant, he appeals. *Reversed.*

*Edward R. Templer* and *Clarence E. Benadum,* for appellant.

*Albert Palmer,* for appellee.

McMAHAN, J.—Complaint by appellee against Clarence Woodring, Oliver P. Dunn, and appellant to foreclose a mechanic's lien on an automobile.

The court found the facts specially with conclusions of law in favor of Dunn and Woodring and against appellant for the amount found to be due appellee, including attorney's fees, and that appellee was entitled to a personal judgment against appellant for the amount; that appellee had a lien on the automobile and was entitled to a decree foreclosing the same. Judgment followed the conclusions.

The sufficiency of the evidence to sustain the finding of the court is presented for our consideration. The evidence, without conflict, shows that appellant

1. was the owner of an automobile; that Woodring, who was sixteen years of age and living with Mr. Dunn, entered into negotiations with appellant for the purchase of the automobile. He informed appellant that Mr. Dunn was satisfied with him buying an automobile and would pay for it, and asked that he be allowed to drive it in order to see if it was all right. Appellant let Woodring take the automobile for that purpose. Woodring used it two or three days, during which time he damaged it and returned it to appellant's garage in a damaged condition. Woodring saw appellee, engaged him to make the repairs on the automobile, and told appellee that Mr. Dunn would pay for it. Ap-

pellee, relying upon this statement of Woodring and believing he was working for Dunn, went to appellant's garage to repair the automobile. Soon after he reached the garage, appellant saw him and asked who ordered him to fix the machine, and appellee replied that Mr. Dunn had. Appellant then said, "You understand the boy, the Woodring boy, has damaged my machine and is to have it repaired, and you know the circumstances, now you know that I am not responsible for the repair of this machine," to which appellee replied, "I know all about it; that is all right; I am going to look to Dunn for my money." There were parts of the automobile other than those which Woodring had damaged that ought to have been repaired, but appellant told appellee to make no repairs other than to the parts damaged by Woodring. No repairs were made except those ordered by Woodring. The weather was cold and in order to make it comfortable for appellee in doing the work, appellant furnished him an oil stove and oil for that purpose. When the work was completed, appellee made out and presented his bill to Mr. Dunn for payment. Mr. Dunn refused to pay it, after which it was presented to appellant, who also refused to pay it. Woodring did not refuse to pay, but did not pay because he had no money. Appellant, within the time fixed by the statute, filed his notice of lien as required by law. There is no evidence to sustain the finding of the court that appellant directed appellee to make any repairs on the automobile. The extent of the evidence was that Woodring had ordered the repairs made, and that appellant, in order to be certain that appellee would not look to him for payment, expressly informed appellee that he would not be responsible for the repairs, and that appellee must not look to him for his pay. Appellee, with full knowledge of all the facts, and relying on his agreement with the Woodring boy, did the work and charged it to

Mr. Dunn, and it was not until the latter refused to pay for it that he entertained any thought of charging appellant for the work, or that appellant would pay for it.

The finding of the court in so far as appellant directing the work to be done, and that appellee did the work pursuant to the directions of appellant is not supported by the evidence.

The court also found the value of appellee's attorney's fee in the prosecution of the action to foreclose. There was no evidence on this subject, and the court was not justified in finding that the attorney's fee was of any value.

Appellant also contends that the court erred in its conclusion of law that appellee was entitled to a personal judgment for the value of the attorney's fee. Since the cause must be reversed on the facts, we do not deem it necessary to decide this question. Attention, however, is called to *Hubbard* v. *Burnet-Lewis Lumber Co.* (1912), 51 Ind. App. 97, 98 N. E. 1011.

Judgment reversed with directions to sustain appellant's motion for a new trial, and for further proceedings consistent with this opinion.