MILBURN *v.* WAGGONER ET AL.

[No. 14,309.   Filed April 5, 1932.]

248

*Fabius Gwin* and *Carlos T. McCarty*, for appellant.
*Frank E. Gilkison*, for appellees.

KIME, J.—The appellees brought suit against the appellant alleging that the three parties were the sole and only heirs of Robert Milburn, who had died intestate, owning in fee simple certain described land in Martin County, Indiana; that they were owners in fee simple of the described realty; that the realty could not be divided without material injury and damage, and asked that a sale be ordered, with a division of the proceeds, but did not ask for attorney's fees. To this, appellant filed an answer of general denial and a second paragraph of answer alleging that the appellees (with their husbands joining) had many years prior thereto executed to appellant a warranty deed to the realty in question, together with any and all real property of which their father, Robert Milburn, might die seized. A general denial was filed to this second paragraph of answer.

A cross-complaint was then filed by appellant alleging that he was the owner of the realty described in the complaint, that appellees were asserting a right thereto which cast a cloud on his title and asked that the title be quieted. To this was filed a general denial.

The cause was then submitted to the court without the intervention of a jury and without a request from either party for a special finding of facts.

The court found the parties were the fee-simple owners of the realty described in the complaint, that their interest was an undivided one-third each, and that the same could not be divided without damage. Judgment was rendered accordingly, decreeing a sale, the manner and terms thereof, and appointing a commissioner to make such sale.

The brief of appellant does not set forth so much of the record as shows that a motion for new trial was filed, that the trial court passed upon the same, or that the appellant reserved any exception to the ruling of the court thereon; neither a copy of the motion for new trial or its substance, nor any reference to the pages and lines of the transcript where the same may be found, are given. Under the rules of this court and the law of this state, no question is presented by the appeal as to the ruling on the motion for new trial. *Thompson* v. *Thompson* (1912), 50 Ind. App. 95, 98 N. E. 7; *Cleveland, etc., R. Co.* v. *Beard* (1913), 52 Ind. App. 105, 100 N. E. 392; *Hubbard* v. *Burnet-Lewis Lumber Co.* (1912), 51 Ind. App. 97, 98 N. E. 1011; *Dillon* v. *State* (1911), 48 Ind. App. 495, 96 N. E. 171; *Wah Kee* v. *Clark* (1911), 48 Ind. App. 462, 96 N. E. 18; *Thieme & Wagner Brew. Co.* v. *Kessler* (1911), 47 Ind. App. 284, 94 N. E. 338; *Kilmer* v. *Moneyweight Scale Co.* (1905), 36 Ind. App. 568, 76 N. E. 271; *Lagle* v. *Moneyweight Scale Co.* (1913), 180 Ind. 463, 103 N. E. 100; *Ellis* v. *State* (1913), 180 Ind. 270, 101 N. E. 626; *Carmody* v. *State* (1912), 178 Ind. 158, 98 N. E. 870; *Bennett* v. *Root Furniture Co.* (1911), 176 Ind. 606, 96 N. E. 708.

It is incumbent upon appellant to reserve an exception to any ruling of the court upon which error is claimed, and to point out in his brief the exception reserved. Appellant has not pointed out any exception reserved to the ruling on the mo-

tion for new trial. *Princeton Coal Co.* v. *Dorth* (1921), 191 Ind. 615, 133 N. E. 386, 134 N. E. 275, 24 A. L. R. 1471.

Appellant's brief does not contain a copy of his assignment of errors, or any statement concerning its contents, neither does he give the page and lines of the record where the same may be found.

Under the rules of this court, no question is presented concerning the same. *King* v. *State, ex rel.* (1911), 47 Ind. App. 595, 93 N. E. 1082; *Schrader* v. *Meyer* (1911), 48 Ind. App. 36, 95 N. E. 335; *St. Joseph, etc., R. Co,* v. *Raber, etc., Mfg. Co.* (1913), 53 Ind. App. 439, 101 N. E. 832.

All this was pointed out by appellees in their brief, and appellant failed to avail himself of the opportunity to amend his brief.

The judgment of the trial court is affirmed.