## BENNETT ET AL. v. ROOT FURNITURE COMPANY.

[No. 22,109.   Filed December 8, 1911.]

1. PLEADING.—*Counterclaim.*—*Demurrer to.*—*Form.*—A demurrer to a paragraph of answer and to one of counterclaim on the ground that "neither paragraph states facts sufficient to constitute a cause of defense to plaintiff's complaint," presents no question as to the sufficiency of the counterclaim.   p. 607.

2. SALES.—*Conditional.*—*Answer of.*—*Sufficiency.*—An answer, in an action on a contract for the sale of lumber, that the lumber was to be of a certain kind, to be used for a certain purpose, and to be suitable for such purpose, that the lumber delivered was not of such kind and was not suitable for the purpose, that the defendant upon the delivery thereof notified the plaintiffs thereof and that such lumber was held subject to plaintiffs' order, is sufficient.   p. 607.

3. NEW TRIAL.—*Grounds.*—*Striking out Parts of Depositions.*—*Giving Instructions.*—Errors in striking out parts of depositions and in giving instructions can be raised only in a motion for a new trial.   p. 608.

4. APPEAL.—*Briefs.*—*Omission of Motion for New Trial.*—*Waiver.*—Appellants' failure, in their brief, to set out the motion for a new trial, or the substance thereof, waives any question thereon.   p. 608.

5. APPEAL.—*Briefs.*—*Points.*—Appellants' failure, in the "points" in their brief, to claim error in the overruling of their motion for a new trial, waives any error thereon.   p. 608.

6. APPEAL.—*Omission of Evidence.*—*Waiver.*—Appellants' failure legally to incorporate the bill of exceptions containing the evidence in their transcript on appeal waives any question depending on the evidence.   p. 609.

From Shelby Circuit Court; *W. M. Sparks*, Judge.

Action by William A. Bennett and another against the Root Furniture Company.   From a judgment for defendant, plaintiffs appeal.   Transferred from Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.   *Affirmed.*

*J. W. Billman, Wray & Campbell* and *A. Bettinger,* for appellants.

*Hord & Adams,* for appellee.

MONKS, J.—This action was brought by appellants against appellee to recover for 25,768 feet of lumber, alleged to have

been sold to appellee by appellants. The complaint is in the usual form of action upon account. Appellee filed an answer in two paragraphs: the first was a general denial, and the second stated that the sale of lumber was conditional, and that appellee had refused to accept the lumber, because the conditions of the sale had not been complied with by appellants, and it had given notice to appellants of such refusal. Appellee also filed a third paragraph, which was a counterclaim, demanding a judgment for damages for freight and other expenses paid on account of said lumber.

Appellants' demurrer to said second and third paragraphs was overruled by the court. To said second and third paragraphs general denials were filed.

A trial of said cause resulted in a verdict in favor of appellee for $162.50 on its counterclaim, and that the lumber in controversy "belongs to the plaintiffs." Over appellants' motion for a new trial and motion in arrest of judgment, judgment was rendered in favor of appellee.

It is first contended by appellants that the court erred in overruling the demurrers to said second and third paragraphs of answer. Said demurrer was on the ground

1. that "neither paragraph states facts sufficient to constitute a cause of defense to plaintiffs' complaint, or to the cause of action stated in plaintiffs' complaint." This form of demurrer, while it may have been appropriate to an answer, was not appropriate to the third paragraph, which was a counterclaim, and was properly overruled as to said paragraph for that reason. *Duffy* v. *England* (1911), *ante*, 575, and cases cited; *Blue* v. *Capital Nat. Bank* (1896), 145 Ind. 518.

The second paragraph of answer was not "for a breach of the warranty of said lumber," as claimed by appellants,

2. but was drawn on the theory that the sale of the lumber was a conditional sale; that the lumber was to be of a certain kind, was sold for a certain purpose, and was to be suitable for such purpose, all of which is alleged in

detail, and that if not as represented there was to be no sale, and the lumber would remain the property of appellants. It is also averred in said second paragraph of answer that the lumber was inspected as soon as it arrived, and was wanting in quantity, not of the kind sold, decayed, highly discolored, doty and wholly unfit for the purpose for which it was sold; that appellee refused to accept it, and gave immediate notice to appellants of such defects, and that the lumber was in appellee's yards subject to appellants' orders. Said second paragraph of answer was sufficient to withstand said demurrer for want of facts, and the court did not err in overruling it. Benjamin, Sales (7th ed.) §§600, 895, 896.

Appellants insist that "the court erred in striking out certain portions of depositions," and in giving "certain instructions requested by appellee." Such rulings of

3. the court can only be questioned by assigning them as causes for a new trial. Appellants have not set out in their brief any motion for a new trial or the substance thereof, nor any ground assigned therefor, as required by rule twenty-two of this court. Appellants

4. have therefore waived any right to question said rulings if made. *Hall* v. *McDonald* (1908), 171 Ind. 9, 17, and cases cited. Nor have appellants claimed in the points stated in their brief that the court erred in overruling their motion for a new trial. They have thereby

5. waived the determination of any question in regard to said instruction, and the correctness of the action of the court in sustaining the motion to strike out certain portions of said depositions. *Marion Trust Co.* v. *Blish* (1908), 170 Ind. 686, 699, 700, 703, 18 L. R. A. (N. S.) 347; *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1907), 168 Ind. 438, 467.

Other questions argued depend, for their determination, on the evidence, which is not in the record, for the reason that the bill of exceptions was filed after the term when

the cause was tried, and no time was given beyond
6. the term to file a bill of exceptions at the time the
motion for a new trial was overruled. *Huntington
Brewing Co.* v. *Miles* (1912), 177 Ind. —, and cases cited;
*Stremmel* v. *Gaar, Scott & Co.* (1911), *ante,* 600, and cases
cited; *Rose* v. *State* (1909), 171 Ind. 662.

Having determined all the questions properly raised by
appellants' statement of points in their brief (*Pittsburgh,
etc., R. Co.* v. *Lightheiser, supra*) and finding no error, the
judgment is affirmed.