## Shirley v. Grove et al.

[No. 7,961. Filed June 20, 1912.]

1. ADOPTION.—*Jurisdiction.*—*Averment of Petition.*—Where a petition for the adoption of a child averred that the child resided within the county in which the court was held, such averment was sufficient to give the court jurisdiction. p. 19.

2. COURTS. — *Jurisdiction.* — *Collateral Attack.* — When a court

passes on facts which are essential to establish its jurisdiction, its decision on such question is conclusive as against collateral attack. p. 19.

3.   ADOPTION.—Parties.—Guardian.—Appeal.—A guardian, not being a necessary party to a petition for the adoption of his minor ward, cannot question the decree, where he was not a party to the proceeding, nor can he appeal therefrom. p. 19.

From Clinton Circuit Court; *Joseph Claybaugh,* Judge.

Petition by Rado T. Shirley against Richard N. Grove and another to set aside an adoption decree. From an adverse judgment, the petitioner appeals. *Appeal dismissed.*

*Goldsberry & Goldsberry,* for appellant.
*Thomas M. Ryan* and *James V. Kent,* for appellees.

LAIRY, J.—Appellees filed their petition in the Clinton Circuit Court for the adoption of Oscar Ralph Strain, an infant nine years of age. The petition sets forth that said child is a resident of Clinton county, Indiana, that its father and mother are both dead, and that appellant Shirley is its duly appointed and acting guardian. The petition further discloses that the petitioners reside in Tippecanoe county, Indiana, and are amply able to care for and educate the child, and that appellee Lavina A. Grove is its aunt. The petition conforms in all respects to the statute on the subject. On this petition the court made an order for the adoption of the child by the petitioners. At the next term of court, on the petition of appellant as guardian of the child, the court set aside the former order and decree, but later in the term, and after the decision of this court, rendered in the case of *Leonard* v. *Honisfager* (1909), 43 Ind. App. 607, 88 N. E. 91, the court reconsidered its action on the petition of the guardian, and struck said petition from the files and reinstated its first order. From this order the guardian seeks to prosecute an appeal.

The only question presented by the petition of appellant was that the trial court had no jurisdiction, for the reason, as stated in the petition, that the child adopted did not

reside in Clinton county. Appellees' petition averred that the child was a resident of Clinton county, and this averment was sufficient to give the court jurisdiction. It must be presumed that this fact was established to the satisfaction of the trial court. When a court passes on facts which are essential to establish its jurisdiction, its decision on such question is conclusive as against collateral attack. *Fee* v. *Moore* (1881), 74 Ind. 319; *Stoddard* v. *Johnson* (1881), 75 Ind. 20; *City of Delphi* v. *Startzman* (1885), 104 Ind. 343, 3 N. E. 937; *Bruce* v. *Osgood* (1899), 154 Ind. 375, 56 N. E. 25.

The guardian is not a necessary party to a petition for the adoption of a minor of whom he is the guardian, and if he is made a party to such proceeding he cannot appeal. *Leonard* v. *Honisfager, supra.* It must necessarily follow that such guardian cannot, after such a decree is rendered in a proceeding to which he was not a party, come into the trial court by petition or otherwise and question it, and that where he attempts to do so, he has no standing in that court, and cannot prosecute an appeal.

Appeal dismissed.

NOTE.—Reported in 98 N. E. 874. See, also, under (2) 11 Cyc. 701; (3) 1 Cyc. 927-New; Cyc. Anno. As to collateral attack upon adjudication in proceedings to adopt a child, see 39 Am. St. 215. As to a collateral attack on a decree of adoption, see 13 Ann. Cas. 587. The authorities on the right of parties to adoption proceeding, or their privies, to attack decree of adoption are reviewed in 30 L. R. A. (N. S.) 159.