SHAY v. GOINS ET AL.

[No. 9,623.   Filed May 28, 1918.]

1. APPEAL.—*Ruling on Demurrer.—Waiver.—Briefs.*—An assignment of error that the court erred in overruling a demurrer to the complaint is waived where the appellant fails to set out in his brief either the complaint or the demurrer, or to state any proposition indicating wherein the complaint is insufficient. p. 675.

2. APPEAL.—*Briefs.—Evidence.—Waiver.*—In an appeal in an action for possession of real estate, where the appellant defendant failed to set out in his briefs the motion for new trial or its substance, or to show that any exception was taken to the ruling on such motion, and failed to set out a condensed recital of the evidence or a written lease, or its substance, relied upon as a defense, the brief not purporting to state the substance of the evidence, but announced only conclusions of counsel as to the effect of the testimony of the witnesses, and failed to mention some of the witnesses or to set out any of their testimony, any question depending on a consideration of the evidence was thereby waived. p. 675.

3. APPEAL.—*Briefs.*—It is the appellant's duty to present by his briefs facts from the record relied upon to show error, as the court on appeal will not search the record to reverse, though it may, and generally will, do so in order to affirm the judgment of the lower court.  p. 676.

4. APPEAL.—*Presumptions.*—Every reasonable presumption is indulged in favor of the rulings of the trial court.  p. 676.

.. From Tipton Circuit Court; *James M. Purvis,* Judge.

Action by George W. Goins and others against James Shay. From a judgment for the plaintiffs, the defendant appeals. *Affirmed.*

*Herman F. Wilkie, Robert Wilkie* and *Wendell Wilkie,* for appellant.

*Gifford & Gifford,* for appellees.

FELT, J.—Appellees brought this suit against appellant for possession of certain real estate in Tipton county, Indiana. The complaint was answered by a general denial. Appellees recovered judgment for the possession of the real estate and damages in the sum of one dollar. Appellant has assigned as error the overruling of his demurrer to the complaint and the overruling of his motion for a new trial.

Appellant has not set out the complaint nor his demurrer thereto in his brief, nor has he stated any point or proposition indicating wherein the complaint is insufficient. Any error in the ruling on the demurrer is therefore waived. *Cleveland, etc., R. Co.* v. *Bowen* (1912), 179 Ind. 142, 144, 146, 100 N. E. 465; *Schlosser* v. *Schlosser* (1915), 183 Ind. 659, 110 N. E. 66; *Christie* v. *Slininger* (1915), 183 Ind. 658, 110 N. E. 61.

Neither the motion for a new trial nor the substance thereof is set out in appellant's briefs. The briefs do not indicate the causes, if any, assigned for a new trial, nor do they show that any exception was taken to the ruling of the court thereon. Neither do they contain "a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely," as required by clause 5 of Rule 22 of the Supreme and Appellate Courts. The briefs indicate that there was a written lease and extension thereof in writing, but neither

the lease nor the substance thereof is shown in appellant's briefs. The same is true of the alleged extension of the lease.

Appellant's reference to the evidence is very meager, and, with few exceptions, the briefs do not purport to state the substance of the evidence, but announce the conclusions of the attorney as to the effect of the testimony of the witnesses. No mention is made of some of the witnesses nor of their testimony, and no portion of their evidence is set out in the briefs. Appellant has thereby waived any question, the determination of which depends upon an examination of the evidence in the case.

3. It is the duty of an appellant to present by his briefs the facts from the record and proceedings of the trial court relied upon to show error. Every reasonable presumption is indulged in favor of the correctness of the rulings of the trial court. On appeal the court will not search the record to reverse, though it may, and generally will, do so in order to affirm the judgment of the lower court. Appellant has failed to present any error entitling him to a reversal of the judgment from which he has appealed. *Ireland* v. *Huffman* (1909), 172 Ind. 278, 88 N. E. 508; *Harrold* v. *Whistler* (1905), 60 Ind. App. 504, 111 N. E. 79; *Bradley* v. *Onstott* (1913), 180 Ind. 687, 689, 103 N. E. 798; *Cleveland, etc., R. Co.* v. *Bowen, supra; Johnson* v. *Bebout* (1915), 59 Ind. App. 159, 108 N. E. 967; *Zink* v. *Zink* (1914), 56 Ind. App. 677, 678, 106 N. E. 381; *Cleveland, etc., R. Co.* v. *Beard* (1912), 52 Ind. App. 105, 107, 100 N. E. 392.

Judgment affirmed.

Note.—Reported in 119 N. E. 808.