## MESMER v. EGLAND.

[No. 24,421. Filed May 20, 1926.]

1. HABEAS CORPUS.—*Where appellant failed to set out in her brief the return to a writ of habeas corpus or her exceptions thereto, she will be deemed to have abandoned her appeal on the assignment that the court erred in overruling her exceptions to the return.*—Where appellant assigned as error the overruling of her exceptions to the return to a writ of *habeas corpus*, but did not set out in her brief the return or the exceptions thereto, as required by cl. 5 of Rule 22 of the Supreme and Appellate Courts, she will be deemed to have abandoned her appeal as to that assignment of error.   p. 701.

2. HABEAS CORPUS.—*Infant brought into court in obedience to writ of habeas corpus is in the custody of the court and subject to its disposition regardless of return to the writ.*—An infant brought into court in obedience to a writ of *habeas corpus* is in the custody of the court, and subject to its disposition regardless of the return to the writ.   p. 701.

3. HABEAS CORPUS.—*Habeas corpus proceeding, involving custody of child usually presents a single question: What is for the best interest of the child?*—A habeas corpus proceeding involving the custody of a child usually presents the single question: What is for the best interest of the child?   p. 702.

4. HABEAS CORPUS.—*Judgment awarding custody of nine-year old child to its great-grandparents, with whom it had lived practically all its life, and desired to remain with them, will not be reversed on the petition of the mother, although she bore an excellent reputation and could provide the child with a good home with people of good reputation.*—In a *habeas corpus* proceeding by the mother of a nine-year old girl which had lived with her great-grandparents since she was five months old, excepting short intervals when she visited her mother, the court's denial of the writ to the mother will not be reversed where it was shown that the child had a good home with her great-grandparents, was well treated and desired to remain with them, although the mother enjoyed a splendid reputation and could provide a good home for the child with people of good reputation.   p. 702.

From Clark Circuit Court; *James W. Fortune,* Judge.

Petition for writ of *habeas corpus* by Carrie Mesmer against Nancy Egland to obtain the custody of a child, the daughter of the petitioner.   From a judgment deny-

ing the petition, but granting the petitioner the privilege of visiting the child at the respondent's home at all reasonable times, the petitioner appeals. *Affirmed.*

*William A. Earl, H. W. Phipps* and *James W. Sweeney,* for appellant.

*L. A. Douglas* and *George C. Kopp,* for appellee.

MYERS, J.—This proceeding was begun by appellant filing in the Clark Circuit Court her petition for a writ of *habeas corpus* to obtain the custody of her daughter, at that time nine years of age, alleged to be unlawfully restrained of her liberty by appellee. The writ was issued as prayed, and appellee filed her return thereto and produced the body of the little girl in court. Appellant filed exceptions to appellee's return, which were overruled. A general denial to the return closed the issues. A trial before the court resulted in a general finding for appellee and judgment awarding the custody of the child, Dorothy Mesmer, to appellee, with the privilege and right of appellant to visit her at the home of appellee at all reasonable times. From that judgment, appellant has appealed, and has assigned as errors: (1) The overruling of her exceptions to appellee's return to the writ; and (2) the overruling of her motion for a new trial.

We may well assume that appellant has abandoned her challenge to appellee's return, inasmuch as her brief does not contain a concise statement of either

1, 2. the return or the exceptions thereto. Under the heading of "Points and Authorities," she asserts, but without the citation of any authority, that appellee's return "admits," "does not deny," or "has failed to set up" certain facts, any one of which, for the reason stated, rendered the return insufficient. Appellee, notwithstanding her brief brings to our attention a copy of her return, insists that appellant's failure to furnish

a concise statement of the record in the particulars mentioned must be treated as an abandonment on appeal of any question properly reviewable under her first assignment of error.   This contention is sustained.   Cl. 5, Rule 22, Supreme and Appellate Courts; *Christie* v. *Slininger* (1915), 183 Ind. 658, 110 N. E. 61; *Tecumseh, etc., Mining Co.* v. *Buck* (1922), 192 Ind. 122, 135 N. E. 481; *Bennett* v. *Root Furniture Co.* (1911), 176 Ind. 606, 96 N. E. 708; *Shay* v. *Goins* (1918), 67 Ind. App. 674, 119 N. E. 808.   However, the infant in this case was brought into court in obedience to a writ of *habeas corpus*.   She was, therefore, in the custody of the court, subject to its disposition, uncontrolled by the averments of the return.   *Bullock* v. *Robertson* (1902), 160 Ind. 521; *Glansman* v. *Ledbetter* (1921), 190 Ind. 505, 130 N. E. 230; *Buck, Gdn.,* v. *Squires* (1924), 194 Ind. 112, 142 N. E. 7.

That the finding of the court is not sustained by the evidence and is contrary to law are the causes assigned for a new trial.

Generally speaking, proceedings, as here, involving the custody of a child, present the single question: What is for the best interest of the child?   This case, as disclosed by the evidence, is no exception to the general rule.   We learn from the evidence that the subject of this controversy has resided with her great-grandmother (appellee) since she was five months old, except for short intervals when she visited her mother.   She goes to school and attends Sunday School, and there is evidence to the effect that she has a good home with her great-grandparents, is well treated and desires to remain with them.   It appears that the mother (appellant) enjoys a splendid reputation, resides in Louisville, Kentucky, with her sister and brother-in-law, who bear a good moral reputation, and who had two children, four and seven years old at the

time of the trial, April 18, 1923. Appellant expects to take the child with her to a six-room rented home of her brother-in-law, who receives a salary of seventy-five dollars a week. Appellant's only income is fourteen dollars and fifty cents to fifteen dollars a week as an employee of the Axton-Fisher Tobacco Company, where she works during the day.

We will not take the space to further recite the evidence given in the cause, as we deem it sufficient to say we would not be warranted in holding that the finding of the trial court was not supported by substantial evidence, and, therefore, on that account, it was not contrary to law.

Judgment affirmed.